Robert Scofield
NAME

P 14570
PRISON NUMBER

DSu·199. Box 5002, Calipatria st prison
CURRENT ADDRESS OR PLACE OF CONFINEMENT

Calipatria Ca.    92233
CITY, STATE, ZIP CODE

**FILED**

MAY 2 8 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

2254    1983

FILING FEE PAID
Yes _____ No ✓

IFP MOTION FILED
Yes _____ No ✓

COPIES SENT TO
Court _____ Pro Se

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Robert Scofield
(FULL NAME OF PETITIONER)

**PETITIONER**

v.

Calipatria state prison
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

**RESPONDENT**
and

_____,
The Attorney General of the State of
California, Additional Respondent.

Civil No '08 CV 0946 JM LSP
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: El Centro Superior Court. 939 @ Main street El Centro, Ca. 92233

2. Date of judgment of conviction: May 2nd 08

3. Trial court case number of the judgment of conviction being challenged: I am appealing ORDER DENIth writ EHC00987 In Imperial county

4. Length of sentence: N/A

CIV 68 (Rev. Jan. 2006)

CV

5. Sentence start date and projected release date: _N/P_

6. Offense(s) for which you were convicted or pleaded guilty (all counts): _Posession of a weapon / Prison Disciplinars only not in Court. I'm in prison for Burglare 1st & Robber 2nd_

7. What was your plea? (CHECK ONE)

    (a) Not guilty      ☒

    (b) Guilty      ☐

    (c) Nolo contendere      ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)

    (a) Jury      ☒

    (b) Judge only ☐

9. Did you testify at the trial?

    ☐ Yes ☒ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?

    ☒ Yes ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:

    (a) Result: _Denied_

    (b) Date of result (if known): _Not Known_

    (c) Case number and citation (if known): _Not Known_

    (d) Names of Judges participating in case (if known) _Not Known_

    (e) Grounds raised on direct appeal: _n/a_

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:

    (a) Result: _____

    (b) Date of result (if known): _____

    (c) Case number and citation (if known): _____

    (d) Grounds raised: _____

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

   (a) Result: _____

   (b) Date of result (if known): _____

   (c) Case number and citation (if known): _____

   _____

   (d) Grounds raised: _____

   _____

   _____

   _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☐ Yes ☑ No

15. If your answer to #14 was "Yes," give the following information:

   (a) **California Superior Court** Case Number (if known):_____

   (b) Nature of proceeding: _____

   _____

   (c) Grounds raised: _____

   _____

   _____

   _____

   (d) Did you receive an evidentiary hearing on your petition, application or motion?
   ☐ Yes ☑ No

   (e) Result: _____

   (f) Date of result (if known): _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☐ Yes ☑ No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known):_____

    (b) Nature of proceeding: _____

    (c) Names of Judges participating in case (if known)_____
        _____

    (d) Grounds raised: _____
        _____
        _____

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☒ No

    (f) Result: _____

    (g) Date of result (if known): _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☐ Yes  ☒ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known):_____

    (b) Nature of proceeding: _____
        _____

    (c) Grounds raised: _____
        _____
        _____
        _____
        _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

        ☐ Yes  ☐ No

    (e) Result: _____

    (f) Date of result (if known): _____

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the <u>California Supreme Court</u> containing the grounds raised in this federal Petition, explain briefly why you did not:

_____

_____

_____

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ☒ Yes ☐ No     (IF "YES" SKIP TO #22)
    (a)  If no, in what federal court was the prior action filed? _____
       (i) What was the prior case number? _____
       (ii) Was the prior action (CHECK ONE):
            ☐ Denied on the merits?
            ☐ Dismissed for procedural reasons?
       (iii) Date of decision: _____
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
            ☐ Yes ☐ No

    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
            ☐ Yes ☐ No

---

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: VIOLATION of DUE PROCESS IN REGARDS to PRISON DISCIPLINE

Supporting FACTS: Several of appellants Due Process rights were violated IN Regards to a prison Disciplinary process FOR posession of a Weapon.

I was NOT ISSUED a PROPER 1030 DISCLOSURE FORM FOR Disclosing CONFidential information. I was Denied the ability to DEFEND myself Before the Disciplinary officer

ON page 6 of the INCiDent report the seargent cleary states HE had a Source of CONFidential INfo that I posessed weapons So I had + have a Due process right to a 1030 CONFidential Disclosure Form. BEFORE Rules Violation Hearing, I never revieve ONE alledging weapons Posession.

Did you raise **GROUND ONE** in the **California Supreme Court**?

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): _habeas petition_

(2) Case number or citation: _EHC 00987_

(3) Result (attach a copy of the court's opinion or order if available): _attached_

(b) **GROUND TWO**: I WAS Denied ability to Defend myself, By the senior Hearing officer

Supporting FACTS: The hearing officer Refused to permit my Investigative employee to obtain photo copy of alledged weapon from multiple angles so to see the tip was indeed flat for use on eye glasses as screw driver.

**Did you raise GROUND TWO in the California Supreme Court?**
☑ Yes ☐ No.

If yes, answer the following:

(1)  Nature of proceeding (i.e., petition for review, habeas petition): *petition habeus*

(2)  Case number or citation: EHC00987

(3)  Result (attach a copy of the court's opinion or order if available): *attached*

(c) **GROUND THREE**: I had a right to question the reporting employee to Defend myself and I was denied this right as well.

**Supporting FACTS**: you can see in the attached I.E. REPORT the reporting employee answered a question or two then stated He could not Remember the Details of a conversation w/appellant in Regards to this Disciplinary report - B-06-07-B06

I was Denied the ability to Defend myself by C/o Gonzalez not Being able to answer my questions tho' it is His Job to Remember them.

**Did you raise GROUND THREE in the California Supreme Court?**

☑ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): _____

(2) Case number or citation: _____

(3) Result (attach a copy of the court's opinion or order if available): _____

(d) **GROUND FOUR**: I was not provided my Documents in a timely fashion, denying me the ability to appeal here in CDC prison at Calipatria

Supporting FACTS: Inclosed are 3 requests in wich I was attemping to obtain my final copies of this Rules violation report so I could appeal it here in CDCR on a 602 in mate appeal form these requests are signed + dated by Calipatria staff they state that the final copy is not yet available for me, or this process is still pending. yet Calipatria pre-dated my final copy to over a month before these requests when I only am allowed 15 days to appeal on 602 inmate appeal El Centro imperial court Denied my 1rst petition for this as well.
even tho' I provided the attached Documents showing I was trying to appeal Before the deadline Calipatria rejected my 602 appeal 3 times as well stating I was over time limits with out good reason. I could not file my appeal 602 with our my final Copy.

all Documents are attached

**Did you raise GROUND FOUR in the California Supreme Court?**

☐ Yes ☑ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): _Habeas_

(2) Case number or citation: _EHC 00987_

(3) Result (attach a copy of the court's opinion or order if available): _Attached_

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☑ No

24. If your answer to #23 is "Yes," give the following information:

    (a) Name of Court: _____

    (b) Case Number: _____

    (c) Date action filed: _____

    (d) Nature of proceeding: _____

    _____

    (e) Name(s) of judges (if known): _____

    (f) Grounds raised: _____

    _____

    _____

    _____

    _____

    (g) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes  ☑ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing: _____

    (b) At arraignment and plea: _____

    (c) At trial: _____

    (d) At sentencing: _____

    (e) On appeal: _____

    (f) In any post-conviction proceeding: _____

    (g) On appeal from any adverse ruling in a post-conviction proceeding: _____

N/A

CIV 68 (Rev. Jan. 2006)

cv

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes  ☒ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes  ☒ No

   (a) If so, give name and location of court that imposed sentence to be served in the future:

      _____

   (b) Give date and length of the future sentence: _____

      _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
      ☐ Yes  ☐ No

28. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

29. Date you are mailing (or handing to a correctional officer) this Petition to this court: _May 23rd 2008_

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_may 23rd '08_                    _Robert Scofield_

(DATE)                              SIGNATURE OF PETITIONER

Name _Robert G. Scofield_

MC-275

Address _ASU-H-199_

_PO Box 5002_

_Calipatria Ca. 92233_

CDC or ID Number _P 14570_

**FILED**

MAR 0 5 2008

SUPERIOR COURT
IMPERIAL COUNTY CA.
JOSE Q. GUILLEN, CLERK
BY _____ DEPUTY

_Imperial County_
_Superior Court_
(Court)

_Robert G. Scofield_
Petitioner

vs.

_Calipatria State Prison_
Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No. _EHC 00987_

(To be supplied by the Clerk of the Court)

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Page one of six

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

**This petition concerns:**

- [ ] A conviction
- [ ] A sentence
- [ ] Jail or prison conditions
- [ ] Parole
- [ ] Credits
- [x] Prison discipline
- [ ] Other *(specify):*

1. Your name: Robert G Scofield

2. Where are you incarcerated? Calipatria St. prison

3. Why are you in custody? [x] Criminal Conviction  [ ] Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   APPELLANT IS Currently Serving 16 yrs. 8 mo FOR 2 counts
   Residental burglary + 1 count robbery and 459 + 212.5

   b. Penal or other code sections: 459 + 212.5

   c. Name and location of sentencing or committing court: SAN DIEGO CO.

   d. Case number: SCE 189256 , SCE 187040 + ECR 9774

   e. Date convicted or committed: 3/4/98 / 3/1/98 / 6/22/04

   f. Date sentenced: 9/14/98 / 9/20/98 / 9/4/98

   g. Length of sentence: TOTAL ALL 3 CASES 16 yrs 8 mo.

   h. When do you expect to be released? 9/21/2013

   i. Were you represented by counsel in the trial court? [x] Yes.  [ ] No. If yes, state the attorney's name and address:

   Kenneth Graves alternate public defender
   UNKNOWN ADDRESS, but S.D. County

4. What was the LAST plea you entered? *(check one)*

   [x] Not guilty  [ ] Guilty  [ ] Nolo Contendere  [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   [x] Jury  [ ] Judge without a jury  [ ] Submitted on transcript  [ ] Awaiting trial

7. Ground 2 or Ground _____ (if applicable):

Appellant was denied the ability to defend himself cause they would not consent
to re-photograph the alledged weapon from a 2nd angle to show the flat tip for use as a screwdriver
also by the fact the reporting officer could not remember. When questioned by appellants Investigative
employee." Details of the incident it's his job to report, per title 15 3315 Inmate has a
right to question the reporting employee/if he can't remember I'm denied this right.

a. Supporting facts:

The conspiracy was discussed on the 2nd hearing after the re-issue yet the weapons charge was
not re-issued as should have been ordered. They alledged it was a weapon, I claimed it was a screwdriver but
they denied any attempt I made to prove my claim. Refusing to even consider it may not be a weapon thus
not a fair or impartial hearing! When asked if I told him it was a screw driver the reporting employee
Gonzalez said yes, yet when asked additional questions stated could not remember details of our
conversation! Either he can remember or not! How can an inmate defend himself by right of
questions of reporting employee if he can't even be bothered to remember the details of
an incident it's his job to report?!

When the conspiracy charge was ordered re-issued on 11-15-07 the weapons charge should of
been re-issued as well. If all the paperwork "1030 disclosure" is the same for both and it's
no good for one, then it's no good for the other! Calipatria also claim to have
issued my final copy on 11-1-07, but as can be seen on request "attached" to both the
counselour from 12-14-07 + 11-26-07 and requests to records 11-27-07 returned to me signed dated
1-6-07 there were either no final copies yet or they were holding them intentionally so I
could not expedite my appeal! Calipatria has a history of not following their own rules, attached
you will find my 602 inmate appeal form + all supporting documentation. Calipatria prisons answer to
dating several of my Due process/appeal rights was to violate more of my rights by intentionally
losing + holding on to my final copy of the report past the deadline. I have reiterated
some of my points in this writ but every thing is pretty well laid out in the
green "602 form + extra page "yellow" legal size "attached".

b. Supporting cases, rules, or other authority:

MC-275 [Rev. July 1, 2005].

**PETITION FOR WRIT OF HABEAS CORPUS**

Page four of six

**6.** **GROUNDS FOR RELIEF**

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." (if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)

Appellants grounds for relief are simple, appellant was denied several due process rights through the course of prison discipline procedure of an alledged incident CAC-FB2-07-0166

**a.** Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. If necessary, attach additional pages. CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time (when) or place (where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

On 6-7-07 Seargent O Valdez of calipatria "A" yard alledgedly recieved confidential info that I conspired to & ordered the battery of another inmate as well as my cel B-1-106 contained weapons as a result of this my cel was searched & I "appellant" placed in administrative segregation. Staff alledgedly located a weapon in my cel. I was issued two rules violation reports B-06-07-B06 "posession of weapon" + B-06-07-B10 "conspiracy to batter inmate w/weapon". I should of only been issued one violation report for 1 incident. I was issued 2 and found guilty of both. I "appellant" should of been issued a 1030 form confidential disclosure for each report yet I was issued one for both! Than the chief disciplinary officer ordered the conspiracy charge reissued due to not enough info on the 1030 for a defense but left the other report when if the 1030 "wrongfully used for both" was no good and incorrectly done how can it then serve for the other charge!?

**b.** Supporting cases, rules, or other authority (optional):

(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

Under CDC Rule Book Title 15 Rule 3321 Confidential material (b) 2 states any document containing info from a confidential source shall include an evaluation of sources reliability. Also wonder 3321 (b)(3) it says the inmate shall recieve as much of the info as possible item out Identifying the source including an evaluation of reliability and a brief statement or reason why the conclusion was reached. I "appellant" did not recieve any of those items for report B-06-07-B06 This bur should of been re-issued at the same time as B-06-07-B10 & later dismissed "lack of evidence.

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes. ☐ No.  If yes, give the following information:

   a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): _____

   b.  Result _____ c.  Date of decision: _____

   d.  Case number or citation of opinion, if known: _____

   e.  Issues raised:  (1) _____

             (2) _____

             (3) _____

   f.  Were you represented by counsel on appeal? ☐ Yes. ☐ No. If yes, state the attorney's name and address, if known:

   _____

9. Did you seek review in the California Supreme Court?  ☐ Yes ☐ No.  If yes, give the following information:

   a.  Result _____ b.  Date of decision: _____

   c.  Case number or citation of opinion, if known: _____

   d.  Issues raised:  (1) _____

             (2) _____

             (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_____

_____

11. Administrative Review:

   a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See In re Muszalski (1975) 52 Cal.App 3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review: I've attempted 3 times to File an Inmate Appeal 602 on this action nd I was asked for explanation for delay in filing. I explained I am in Ad-Seg "it Hole" and can only get copies etc. From Law Library every 24 months. I'd been trying ) obtain a copy by requests to records office as well as counselor to obtain the resory documents for my appeal, and they were withholding my final copy! I provided the requests signed + dated to verify my claim yet calipat continues to deny my right o appeal + due process rights by refusing to accept my appeal! I don't think this is complex issue I am requesting either a dismissal decision for this rules violation report or t the least a force Calipatria to re-issue it as is clear several of Appellants Due process rights are being violated. I "Appellant" just want Calipatria To Follow their own rules and to accept my appeal + answer it on the merits under 3084.1 right to appeal Iy COCR rules plus I've got the right to appeal any decision or action that has an adverse effect upon my person. Appellant can only file an appeal as quickly as documents an be obtained and copied. Appellant filed as soon as was possible and would have filed sooner had circumstances permitted I had no reason to with held my appeal as Calipat suggests! Appellant had every reason to want it heard quick

   b.  Did you seek the highest level of administrative review available? ☑ Yes. ☐ No.
       Attach documents that show you have exhausted your administrative remedies.

MC-275 (Rev. July 1, 2005)        **PETITION FOR WRIT OF HABEAS CORPUS**        Page five of six

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☐ Yes. If yes, continue with number 13. ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _____

(2) Nature of proceeding (for example, "habeas corpus petition"): _____

(3) Issues raised: (a) _____

(b) _____

(4) Result *(Attach order or explain why unavailable)*: _____

(5) Date of decision: _____

b. (1) Name of court: _____

(2) Nature of proceeding: _____

(3) Issues raised: (a) _____

(b) _____

(4) Result *(Attach order or explain why unavailable)*: _____

(5) Date of decision: _____

c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

N/A

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: _____ 3/2/08        ► _____
                                              (SIGNATURE OF PETITIONER)

RECEIVED CAL APPEALS JAN 15 2008

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

RECEIVED CAL APPEALS JAN 15 2008

| | Location: Institution/Parole Region | | Log No. | | Category |
|---|---|---|---|---|---|
| | 1. _____ | 1. _____ | | | _____ |
| | 2. _____ | 2. _____ | | | _____ |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Scofield Robert | NUMBER P14570 | ASSIGNMENT N.A. | UNIT/ROOM NUMBER Asn. 199 |
|---|---|---|---|

A. Describe Problem: ON 6-7-07 SEARGENT O'VALDEZ #66271 Supposedly recieved confidential info THAT I Scofield R. P14570 "Appellant" WAS involved in a conspiracy and my "THEN" CELL 8t-106 contained weapons appellants cell was subsequently searched and 2 items alledgedly Discovered in cassette tapes in appellants cell. 1 commercial Box Cutter "UNALTERED" + one Homemade Screwdriver made from the arm of eye glasses to work on eye glasses "appellants" FACT I appellant recieves 2 RVR 115's B-06-07-B10 "conspiracy" + B-06-07-B06 "possession DANGEROUS contraband/weapon" "THE Screwdriver" The conspiracy has since been dismissed for lack of evidence to support the charge A appellant was found guilty of →
→ CONTINUED → →

If you need more space, attach one additional sheet.

B. Action Requested: That RVR B-06-07-B06 Be dismissed in The interest of justice AND ANY AND ALL adverse effects upon appellant be reversed, or at the very least That the RVR BE ORDERED Re-issued + REHEARD For The lesser charge of Dangerous Contraband "NOT a weapon" Respectfully Submitted

Inmate/Parolee Signature: Robert Soford    Date Submitted: 1-6-08

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

SCREENED OUT JAN 25 2008

SCREENED OUT    FEB 01 2008    JAN 09 2008

RECEIVED CAL APPEALS JAN 15 2008

RECEIVED CAL APPEALS JAN 3 2008

_____ of cell or weapon on 8-24-07

point 1 Seargent O Valdez stated on pg. 6 of the incident report
See Attached " CAL-FB2-07-06-0166 that he had confidential info
Alledging Appellants cell contained weapons. Yet appellant never
recieved a 1030 Disclosure form Indicating this. even tho'
the cell search + RVR B-06-07-806 are a direct relsult of this
alledged confidential info. This is a due process vidation

act 2 Throughout These RVR's And Incident report staff refer to
the object as a manufactured deadly weapon.

point 1 The object appellant was charged with a weapon for Does
not meet the Definition of a weapon and is barely thicker than a
paper clip! If the I.E. had been permitted to re photo copy the
Object as appellant requested. The 'SHO' would have been able to
see the tip was indeed flat for use as a Screwdriver.' OR if
Staff had photographed the object currently from more than 1
angle "perspective" Appellant would not have been denied The right
or ability to defend himself at The RVR Hearing.

point 2 The fact the Item was hidden does not automatically mean
or prove that the item is intended for use as a weapon.

act 3 At appellants RVR Hearing And Cell mates I/m Spike T28346
Appellant did not deny ownership of said object. In both appellants
and cell mates RVR Final copies "See Attached" "SHO" stated
he gave wieght to appellants Testimony "Enough so to dismiss
I'm Stines 115 completely " yet chose not to believe that
object was not a weapon. Its ridiculous to say the least
that he believed appellants statements about the objects ownership
but not the use or intent! Appellant is either honest or not!

act 4 Under § 3341.5 (D) SHu TERM Assesment Definitions Defines a
weapon as an object that has The Obvious Intent/Capability of
Inflicting serious injury wich is under the immediate control
an inmate.

SCREENED OUT FEB 01 2008

SCREENED OUT JAN 30 2008

SCREENED OUT JAN 25 2008

OVER → → OVER → → CONT →

RECEIVED CAL APPEALS JAN 09 2008

SCREENED OUT    FEB 01 2008

wt.

point 1  This object was flimsy and tiny NOT sufficient to cause traumatic injury and staff did not place construtive posession of object. Appellant did not even bother to deny posession tho' due to it not meeting the definition/criteria of a weapon at all. "Let alone a deadly one".

act 5  Appellant was found guilty on 8/24/07 & the Chief Disciplinary Officer signed the final copy on 11/1/07 yet appellant was not provided a copy until 1-4-08 while atually in comittee recieving a SHU term for the RVR! More than 60 days later!

point 1  this is another Due process Viodation, attached is a inmate request to PSU counselour from 11-26-07 and also 12-1-07 as well as one to recodos 11-27-07 returned on 12-6-07! Trying to obtain copies of final copies for appeall purposes.

point 2  appellants other RVR B-06-07-B10 had been ordered re-issued on 11-15-07 so they held the final on this one B-06-07-B06 pending the out come of that one so that appellant would not have time to appeall the decision before being shipped to a 180 design prison.

FACT 6  =N. Appellant IE report The reporting employee ¼ F. Gonzales was asked if appellant told him the object was a screwdriver and answered "yes" yet when asked an additional question along these lines stated he could not remember details of our convesartion either he remembers or not. How can I provide a defense by right of questions of reporting emplyee if he can't be bothered to remember details of an incident his job was to report.? see attached part C I.E. report

SCREENED OUT    JAN 09 2008

1-6-08

State of California
CDC FORM 695 SCREENING FOR:
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RECEIVED CAL APPEALS  JAN 3 1 2008

RE: Screening at the SECOND Level

January 9, 2008

**SCOFIELD, P14570**
**ASU 00000000199U**

Log Number: CAL-B-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You disciplinary appeal is incomplete. You must attach legible copies of all documents you received during the disciplinary process. For example: the completed CDC 115, Rule Violation Report, the laboratory report, the Mental Health Assessment Form, the completed CDC 115-A, Serious Rule Violation Report, the CDC 115, Investigative Employee report, supplemental reports for the CDC 115, the CDC 7219, Report of Injury, the complete CDC 837, Incident Report, and the CDC 1030, Confidential Information Disclosure Form.*

*Need to include a copy of the incident report CAL-FB2-07-06-0166, pictures taken of the cassette tapes and of the CDC 1030 Confidential Information Disclosure form that was issued to you. Also need to explain why you did not submit the appeal within the 15 day time limit, per Title 15, Section 3084.6 (c). The CDC 115 notes you were issued a copy of the CDC 115 after the hearing on 11/01/07.*

*[signature]*

Appeals Coordinator
Calipatria State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

SCREENED OUT        JAN 3 5 2008
SCREENED OUT        FEB 0 1 2008

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |

RECEIVED CAL APPEALS JAN 15 2008
RECEIVED CAL APPEALS JAN 31 2008

ER YOUR INSTRUCTIONS I'VE INCLUDED THE ORIGINAL PK 115 RVR AND THE 1030 DISCLOSURE FORM FROM THE OTHER RVR. ALSO THE FULL INCIDENT PACKAGE CAC-FB2-07-06-0166.

AS FOR TIME CONSTRAINTS I WAS NOT ISSUED MY COPY OF THE FINAL COPY AS NOTED ~~B~~ B ON THE FINAL THAT'S MENTIONED IN MY APPEALL AS WELL.

I KNEW IT HAD BEEN TOO LONG SO WAS ACTIVELY TRYING TO OBTAIN THE DOCUMENTS, BY WAY OF REQUESTS TO TANDA "C.O.O" INMATE RECORDS AND MR AD SEG COUNSELOUR I CAN'T CLAIM TO KNOW WHERE THE MIX UP WAS BUT THE COPY ISSUED TO ME IN 1-4-08 WAS THE FIRST I RECIEVED. WHEN I WENT TO COMITTEE IN NOV I INFORMED THEM OF ITLL NOT HAVING IT SO THEY GOT ME A COPY, BUT WAITED TELL I CAME BACK TO COMITTEE IN JAN TO GIVE IT TO ME. THIS CAN BE VERIFIED THRU MY ASU COUNSELOUR AND IS CORROBORATED BY THE ATED REQUESTS I'VE INCLUDED IN MY APPEALL.

THANKS FOR YOUR TIME

Robert Scofield   P14870

ASU H-199

COMPLETED OUT    FEB 0 4 2008
SCREENED OUT    JAN 1 5 2008

State of California    JAN 3   2008
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

*January 25, 2008*

**SCOFIELD, P14570**
*ASU 00000000199U*

Log Number: CAL-B-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*There has been too great a TIME LAPSE between when the action or decision occurred and when you filed your appeal with no explanation of why you did not or could not file in a timely fashion. Time limits expired per CCR 3084.6(c). Therefore, if you would like to pursue this matter further, you must submit an explanation and supporting documentation explaining why you did not or could not file your appeal timely.*

*After further review of your appeal it was noted on the CDC 115 you are appealing that you were issued a copy of the CDC 115 after the hearing on 11/01/07. Officer J. Olivarez is noted on the CDC 115 as having issued the copy to you on 11-01-07.    Officer J. Olivarez was contacted on Facility B and he confirmed that he did issue the copy to you as noted on the CDC 115.    Your appeal was initially received in the appeals office on 01/09/08, two months after you were issued the copy of the CDC-115. Per Title 15, Section 3084.6 (c) you must submit your appeal within 15 days of the event you are appealing.*

Appeals Coordinator
Calipatria State Prison

**NOTE:**  Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d).  This screening decision may not be appealed.  If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents.  You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

RECEIVED CAL APPEALS   JAN 3 1 2008

1-26-08

I "APPELLANT" DID NOT Exceed The Time constraints FoR
This appeal, This was How Long it took to OBtain not
Only my final copy but photo copies of other included
Documentation necessary for this appeal. You returned
this appeal asking for an Explanation on time constraints
and I not only provided one, but also proof I'd
been actively trying to obtain necessary copies since
november. You can not deny me the ability to appeal
Something based on This when Here in "asu" we only
Let law library & such copies every 2 to 2½ months
So the only other way for me to obtain copies
was through the way I DID not recieving my final
copy "ON Time" Is one of my appeal issues that can be
verified by speaking with Current asu counselour, D. PORTHEAUD.
It's ridiculous to think your going to screen out my appeal
based on one of my own reasons for appearing + a Due process
Violation of my rights! ENCLOSED ARE REQuests to
Psu counselour + records Dept. verifying I was trying
to obtain copies to appeal this.

I have had this appeal returned to me Twice
already + should you continue to violate my right
to appeal I WILL be FORCED to seek intervention
FRom the courts on This matter, So Should you decide
to return it once again you may wish to retain
a photo copy of it before you do for your records.
THANKS FOR your Time

                                    Rebel Scofield

SCREENED OUT   FEB 0 1 2008

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

---

RE: Screening at the SECOND Level

February 1, 2008

*SCOFIELD, P14570*
*ASU 00000000199U*

Log Number: CAL-B-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*There has been too great a TIME LAPSE between when the action or decision occurred and when you filed your appeal with no explanation of why you did not or could not file in a timely fashion. Time limits expired per CCR 3084.6(c). Therefore, if you would like to pursue this matter further, you must submit an explanation and supporting documentation explaining why you did not or could not file your appeal timely.*

*The CDC 115 is clearly marked that you were issued a copy of the CDC 115 after the hearing on 11/01/07. The Officer that issued the copy to you was contacted and he verified that he issued the copy to you on 11/01/07. Your appeal was not received in the Appeals Office until 01/09/08, two months after you were issued the final copy of the CDC 115. Note that this matter was discussed with the Inmate Appeals Branch, which processes the Director's Level appeals.*

Appeals Coordinator
Calipatria State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|------|-----|------------------|-----------|
| 11-26-07 | ASU COUNSELOR | Scofield Robert | P14570 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER FROM        TO |
|---------|-----------|-----------------|---------|
| H-POD | 199 | | |

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

ASSIGNMENT HOURS
FROM        TO

### Clearly state your reason for requesting this interview.

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

WHEN I CAME TO ASU SEG THEY GAVE ME TWO 115'S INSTEAD OF ONE BUT ONLY ONE 30 CONFIDENTIAL DISCLOSURE FORM THEY SAID IT WAS GOOD FOR BOTH! THEN I JUST WENT COMITTEE WHERE I WAS TOLD ONE OF THE 115'S WAS OVER TURNED CAUSE THE 1030 DID NOT HAVE ENOUGH INFO. THEY DID NOT KNOW TOO MUCH TO TELL ME, BUT I NEVER RECIEVED FINAL COPIES AND THE CHIEF DISCIPLINARY OFFICER SIGNED THE FINAL COPIES ON 10/31/07 I NEED TO OBTAIN FINAL COPIES AND DOCUMENT WHEN RECIEVE THEM FOR MY APPEAL PURPOSES. THE LOG NOS ARE: 06-07-810 + 06-07-806

DO NOT write below this line. If more space is required, write on back.

| INTERVIEWED BY | THERE ARE NO FINAL COPIES | DATE |
|---------------|---------------------------|------|

DISPOSITION

SCREENED IN?   IN YOUR C-FILE

SCREENED OUT   JAN 0 9 2008

SCREENED OUT   JAN 15 2008

copy 1 of 3 pg. 11

---

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|------|-----|------------------|-----------|
| 12-1-07 | ASU COUNSELOR | Scofield Robert | P14570 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER FROM        TO |
|---------|-----------|-----------------|---------|
| H-POD | 199 | | |

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

ASSIGNMENT HOURS
FROM        TO

### Clearly state your reason for requesting this interview.

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

WAS ISSUED TWO 115'S WHEN I CAME TO ASU SEG BUT ONLY ONE 1030 DISCLOSURE EM, THEY SAID IT WAS GOOD FOR BOTH! NOW I WAS TOLD IN COMMITTEE THEY OVER-IRNED ONE OF MY 115'S FOR NOT ENOUGH INFO ON THE 1030. THE OTHER 115 SHOULD BE SHOT WAS TOO BUT THEY SAID NO, BUT THEY HAD LITTLE INFO FOR ME THE FINAL COPIES WERE SIGNED ON 10-31-07 YET I'VE YET TO GET MY COPY OF EITHER I NEED TO GET COPIES THE FINAL COPIES FOR BOTH 115'S FOR APPEAL PURPOSES. THE LOG NO'S ARE: 06-07-810 + 06-07-806  THANKS FOR YOUR TIME. Robert Scofield

DO NOT write below this line. If more space is required, write on back.

| INTERVIEWED BY | FIND OUT STATUS OF 115'S  ///  THE IE REPORT IS | DATE |
|---------------|------------------------------------------------|------|

DISPOSITION

BEING TYPED AND AND NO WHEN THE COMPLETE REQUIRE RE-HEAR #6

IS COMPLETE (I. HOWEVER WILL HEAR IT HERE IN AS PROBABLY

LATE NEXT WEEK

STATE OF CALIFORNIA
GA-22 (9/92)

**INMATE REQUEST FOR INTERVIEW**

DEPARTMENT OF CORRECTIONS

| DATE | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|
| 1-27-07 | RECORDS OFFICE   Scofield Robert | P14570 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER |
|---|---|---|---|
| HSU + H POD | 199 | N/A | FROM        TO |

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

ASSIGNMENT HOURS
FROM          TO

### Clearly state your reason for requesting this interview.

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I NEED TO OBTAIN COPIES OF MY FINAL COPIES OF 2 115
DR'S FOR APPEAL REASONS   LOG NO: 06-07-B10 AND 06-07-B06
ENCLOSED IS A SIGNED TRUST WITH DRAWAL TO PAY FOR
COPIES.   THANKS   Robert Scofield

INTERVIEWED BY                                                    DATE
A. Hernandez, CCRA(A)                                         12/6/07

DISPOSITION
RVR Log #'s 06-07-B10 and 06-07-B06 are pending hearings. You will
receive copies of the RVR's after the hearings

---

STATE OF CALIFORNIA
CDC - 193 (1/88)

DEPARTMENT OF CORRECTIONS

## TRUST ACCOUNT WITHDRAWAL ORDER

Date  11-27-   20 07

To: Warden                    Approved _____

I hereby request that my Trust Account be charged $ 1.00 _____ for the purpose stated below and authorize
the withdrawal of that sum from my account

P 14570
_____
NUMBER

CDC  Robert Scofield
_____
NAME (Signature please, DO NOT PRINT)

State below the PURPOSE for which withdrawal is requested
(do not use this form for Canteen or Hobby purchase).

PRINT PLAINLY BELOW name and address of person
to whom check is to be mailed.

PURPOSE COPIES OF FINAL COPIES
OF RVR'S 115'S FOR GO)
PURPOSES

NAME CDC , FOR LEGAL COPIES

ADDRESS _____

_____

Scofield Robert G. II  P14570
PRINT YOUR FULL NAME HERE

STATE OF CALIFORNIA    RECEIVED CAL APPEALS JAN 1 5 2008    804 TO RECORDS: 6/11/01    DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

EPRD

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-14570 | SCOFIELD | 9/14/2012 | CSP-CAL | B1-106L | 06-07-B06 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR #3006 RECEIVED CAL APPEALS JAN 1 5 2008 | Possession of Dangerous CB/ Weapons | Facility "B" | 06/10/07 | 1900 HRS. |

**CIRCUMSTANCES**

On Thursday, June 07, 2007, at approximately 1900 hours, while performing my duties as the Facility "B" Gym Gun Officer, I was instructed by my supervisor to search cell 106 in Housing Unit B1. I proceeded to B1-106, jointly occupied by Inmate(s) SCOFIELD (P-14570, B1-106L) and Inmate STINE (T-28346, B1-106U). I placed handcuffs on both inmates and conducted a clothed body search on them with negative results. Officer J. Lopez and I escorted both inmates to the Facility "B" exercise area on Yard #2. Prior to placing them in the exercise area, I conducted a search of the exercise area with negative results. I proceeded to B1-106 and conducted a search of the cell and discovered two plain white cassette tapes. Upon searching the first cassette tape I discovered a "Box Cutter Style" razor blade measuring approximately 1 ½" wide and ¾" in length taped to the inside of the cassette tape. The second cassette tape had an "Inmate Manufactured Weapon" made from flat metal measuring 1/8" in length and 1/8" wide, sharpened to a point at one end with no handle, taped to the inside of the cassette tape with no further contraband being found in cell B1-106. I maintained sole possession of both items measured and photocopied the evidence recovered from cell 106 and placed them into evidence locker #2, located in Central Control. Inmate SCOFIELD is not a participant in the Mental Health Services Delivery System (MHSDS), Disability Placement Program (DPP), or the Developmental Disability Program (DPP). Inmate SCOFIELD does appear on the Testing Literacy Report as having a TABE score of 4.0 or below

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ► F. GONZALES, Correctional Officer | 6/11/07 | "B" Gym Gun | Sun/Mon |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| O. VALDEZ, Program Sergeant | 6/11/07 | N/A | N/A |
| | DATE | | LOC. |
| | | | N/A |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | A1 181·360 | 6/11/07 | ► J. SIGLER, Lt. | ☐ HO ☑ SHO ☐ SC ☐ FC |
| ☑ SERIOUS | | | | |

**COPIES GIVEN INMATE BEFORE HEARING**

| | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT 7219s of I/M Jones T23151 |
|---|---|---|---|---|
| ☑ CDC 115 | ► R. Widmann | 6-18-07 | 1855 | Dated 6/17/07 Scofield Stine T28364 P-14570 Gardner F 35690 |
| ☐ INCIDENT REPORT LOG NUMBER: AL-FB1-07-06-01106 | ► J. Olivarez | 6/26/07 | 1800 | BY: (STAFF'S SIGNATURE) ► J. Olivarez 6/26/07 1800 |

**HEARING**

2 photocopies of pictures taken of the cassette tapes. I/M manu. weapon and box cutter razor blade found in cell B1·106

1 photocopy of Confidential Information Disclosure form (1030) authored by c/o C. Hughey and Sgt. O. Valdez

J. Olivarez 1800 6/26/07

RVR/HEARING CONTINUED ON CDC-115 PART C

| REFERRED TO ☐ CLASSIFICATION | ☐ BPT/NAEA | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) J. JIMENEZ, Lieutenant SCREENED OUT FEB 0 1 2008 | | SIGNATURE ► | DATE 9/24/07 | TIME 1745 |
| REVIEWED BY: (SIGNATURE) ► W. J. PRICE, Fac. B CAPTAIN | DATE 9/31/07 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ► G. J. JANDA, A/W | DATE 9/31/07 | |
| SCREENED OUT JAN 25 2008 | | BY: (STAFF'S SIGNATURE) ► J. Olivarez | DATE 11/4/0 | TIME 1000 |
| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | | | |

CDC 115 (7/88) SCREENED OUT JAN 0 9 2008    Second Issued on 1/4/08

CLK%B.601
CASE 3:08-cv-00946-JM-LSP     Document 1     Filed 05/28/2008     Page 30 of 100
RECEIVED CAL APPEALS JAN 0 9 2008

STATE OF CALIFORNIA                                                     DEPARTMENT OF CORRECTIONS

RECEIVED CAL APPEALS JAN 1 6 2008

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODA'S DATE |
|---|---|---|---|---|
| P-14570 | SCOFIELD | 06-07-B06 | CAL-SP | 08/24/07 |

RECEIVED CAL APPEALS JAN 3 1 2008

☐ SUPPLEMENTAL  ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☒ HEARING ☐ IE REPORT      ☐ OTHER

On Friday, August 24, 2007, at approximately 12:05 hours, Inmate SCOFIELD, CDC # P-14570, appeared before me for adjudication of this Rules Violation Report (RVR). I introduced myself as the Senior Hearing Official (SHO) for this disciplinary hearing and explained the hearing rules and procedures. Inmate SCOFIELD stated that he was in good health, acknowledged the receipt of all reports and/or pertinent documents more than twenty-four (24) hours in advance of the hearing as required by CCR §3320(c)(2), and stated that he was ready to proceed with this hearing. All time constraints and due process requirements have been met.

Inmate SCOFIELD is not a participant in the Mental Health Services Delivery System (MHSDS), Disability Placement Program (DPP), or the Developmental Disability Program (DDP). Inmate does appear on the Testing Literacy Report as having a TABE score of 4.0 or below. Inmate SCOFIELD states he has a GED.

Effective communication was established with Inmate SCOFIELD by the SHO prior to proceeding with this hearing. Inmate SCOFIELD successfully read the CDC-115 aloud to the SHO, and stated that he understood the report and the charges, and that he had no questions regarding the CDC-115.

**STAFF ASSISTANT:** Officer R. Steele was assigned as a Staff Assistant on August 20, 2007, and was present and assisted Inmate SCOFIELD during this hearing. The Staff Assistant and Inmate SCOFIELD acknowledged that they had met with each other more than 24 hours prior to this hearing in order to prepare.

**INVESTIGATIVE EMPLOYEE:** Officer J. Olivarez was assigned as the Investigative Employee on July 26, 2007. Please refer to Investigative Employee's Report.

**INMATE'S PLEA:** The charges were read to Inmate SCOFIELD, and he pleaded NOT GUILTY.

**INMATE'S STATEMENT:** Inmate SCOFIELD stated: "I'm guilty of dangerous contraband. They were not weapons. Those items were mine. Inmate STINE had no knowledge what was inside those tapes."

**WITNESSES' STATEMENT(S):** Inmate SCOFIELD chose not to have witnesses at this hearing as indicated by his signature on the CDC-115A.

**FINDINGS:** Inmate SCOFIELD was found GUILTY of violating CCR §3006(a), for the specific act of POSSESSION OF DANGEROUS CONTRABAND / WEAPONS. This finding was based on a preponderance of the evidence submitted at the hearing, which is considered valid and does substantiate the charge. The evidence includes:

1)   The reporting employee's written report, which states in part:

     "On Thursday, June 7, 2007, at approximately 1900 hours, while performing my duties as the Facility

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| J. JIMENEZ, Lieutenant | 9/2/07 |

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| J. Olivarez | 11/01/07 | 1000 |

SCREENED OUT   FEB 0 1 2008

☒ COPY OF CDC 115-C GIVEN TO INMATE
     JAN 25 2008
SCREENED OUT

CDC 115-C (5/95)
SCREENED OUT      JAN 0 9 2008

CLK%B.601
STATE OF CALIFORNIA
RECEIVED CAL APPEALS JAN 0 9 2013
DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT — PART C

RECEIVED CAL APPEALS JAN 0 9 2013

| | | | | PAGE 2 OF 2 |
|---|---|---|---|---|
| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
| P-14570 | SCOFIELD | 06-07-B06 | CAL-SP | 08/24/07 |

RECEIVED CAL APPEALS JAN 0 9 2008

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER |
|---|---|---|---|---|---|

'B' Gym Gun Officer, I was instructed by my supervisor to search cell 106 in Housing Unit B1. I proceeded to B1-106, jointly occupied by Inmate(s) Inmate STINE (T-28346, B1-106U) and SCOFIELD (P-14570, B1-106L). . . . I proceeded to B1-206 and conducted a search of the cell and discovered two plain white cassette tapes. Upon searching the first cassette tape I discovered a 'Box Cutter Style' razor blade measuring approximately 1 ½" wide and ¾" in length taped to the inside of the cassette tape. The second cassette tape had an 'Inmate Manufactured Weapon' made from flat metal measuring 3 1/8" in length and 1/8" wide, sharpened to a point at one end with no handle, taped to the inside of the cassette tape with no further contraband being found in cell B1-106. I maintained sole possession of both items measured and photocopied the evidence recovered from cell 106 and placed them into evidence locker #2, located in Central Control."

2)   Inmate SCOFIELD's partial admission of guilt in stating: "I'm guilty of dangerous contraband. They were not weapons. Those items were mine. Inmate STINE had no knowledge what was inside those tapes."

**DISPOSITION:**   Inmate SCOFIELD was assessed:

360 days **Forfeiture of Credits** consistent with a Division 'A-1' offense.
10 days Loss of **Yard**, starting on 08/24/07 and ending on 09/03/07.

Inmate SCOFIELD was counseled and reprimanded regarding possessing weapons and advised of future program expectations.

Inmate SCOFIELD was referred to ICC with the recommendation of SHU term assessment, and referred to an Institutional Psychiatrist for an evaluation per the Madrid Decision prior to SHU term implementation.

Inmate SCOFIELD was notified as to CCR §3327(a), Non-Restoration of Forfeited Credits.

Inmate SCOFIELD was advised of his rights to appeal the findings and/or disposition of the hearing, pursuant to CCR §3084.1 and CCR §3312(b)(1), and advised he would receive a completed copy of this hearing report upon final audit by the Chief Disciplinary Officer (CDO), whose review and signature affirms, reverses, or modifies this disciplinary action and constitutes the First Level of Review for appeal purposes.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| **J. JIMENEZ, Lieutenant** | | 9/24/07 |

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| J. Olivarez | 11/01/07 | 1000 |

☒ COPY OF CDC 115-C GIVEN TO INMATE

SCREENED OUT   FEB 0 1 2008
SCREENED OUT   JAN 2 5 2008
CDC 115-C (5/95)
SCREENED OUT   JAN 0 9 2008

SERIC...S, R...ES 3/08...ROW 6-JM-LGP     Document 1     Filed 05/28/2008     Page 32 of 100

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| P-14570 | SCOFIELD | 3006(a) | 06/10/07 | CSP-CAL | 06-07-B06 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    ☒ YES    ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ X _Robert Scofield_ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| | | INMATE'S SIGNATURE | DATE |
| ☒ I REVOKE my request for postponement. | | ▶ _Robert Scofield_ | 7-26-07 |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | |
|---|---|---|---|
| ☒ REQUESTED | ☐ WAIVED BY INMATE | ▶ _Robert Scofield_ | 7-26-07 |
| ☒ ASSIGNED | DATE 8-20-07 | NAME OF STAFF R. STEELE | RADIO W/TH |
| ☐ NOT ASSIGNED | REASON | Tuesday - 0600-1000 | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☒ REQUESTED | ☐ WAIVED BY INMATE | ▶ _Robert Scofield_ | 7-26-07 |
| ☒ ASSIGNED | DATE 7-26-07 | C/o J. Olivarez | |
| ☐ NOT ASSIGNED | REASON | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☐ OTHER _____    ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| Inmate Stine I28346 Current cellmate | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

INVESTIGATIVE EMPLOYEE'S REPORT CONTINUED ON CDC-115 PART C

I, inmate Scofield (P.14570) waive the presence of witnesses at my hearing x _Robert Scofield_ x 8-21-07

I, R_____ Correctional Officer R. Steele met with Inmate Scofield and was present during this hearing, Log # 06-07-B06.

SCREENED OUT     FEB 01 2008

SCREENED OUT     JAN 25 2008

SCREENED OUT     JAN 09 2008

| INVESTIGATOR'S SIGNATURE | DATE |
|---|---|
| ▶ XXXXXXXXXX J. OLIVAREZ | |

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ R. Gidman | TIME 1855 | DATE 6-18-07 |
|---|---|---|---|

CDC 115-A (7/88)        — *If additional space is required use supplemental pages* —

STATE OF CALIFORNIA
SHU TERM ASSESSMENT WORKSHEET
CDC 629-A (Rev 3/96)

CDC NUMBER **P-14570** | NAME **SCOFIELD** | INSTITUTION **CSP-CAL IV** | UNIT **B / ASU**

RECEIVED CAL APPEALS JAN 15 2008

LOG #06-07-B06

---

**1.** **RULE VIOLATION RESULTING IN SHU TERM ASSESSMENT**
(If more than one SHU assessable offense and no SHU term has been established, use most serious as base term and less serious as aggravation.)

   a.    Rule No. _3006(a)_    Date Issued _06/07/07_    Title _Dangerous contraband_

      Possession of a weapon other than a firearm or explosive device, which has been manufactured or

   b.    Specific Act _modified so as to have the obvious intent or capability of inflicting traumatic injury, which is under_
      (Must be an offense on SHU Term Assessment Chart.) _the immediate or identifiable control of the inmate._

   c.    List range of months for the offense using
      SHU Time Computation Table.................... **06** **10** **15**
                                  LOW EXP HIGH

   d.    Enter "expected" (mid-range) years, months, days of confinement.................... __ **10** __
                                    YR MO DAYS

**2.** **FACTORS IN MITIGATION AND AGGRAVATION**
(Enter "NONE" for item 2c or indicate amount of time. Describe factors and document sources. Use only factors listed in the DOM 62050 or concurrent offenses.)

   a.    Mitigating Factors. Time subtracted for mitigations.............. - __ **00** __
                                       YR MO DAYS
      1)  None
      2)
      3)

   b.    Aggravating Factors. Time added for aggravations.............. + __ **00** __
                                       YR MO DAYS
      1)  None
      2)
      3)

   c.    Total time added or subtracted.................... = __ **00** __
                                       YR MO DAYS

**3.** **TOTAL SHU CONFINEMENT TIME ASSESSED....................** __ **10** __
(Subtract or add time for mitigation or aggravation to expected, item 1d plus or minus 2c)   YR MO DAYS

**4.** **DATE OF ADMINISTRATIVE SEGREGATION CONFINEMENT/VIOLATION.....** ● **07** **06** **07**
                                                   YR MO DAY

**5.** **MAXIMUM DATE OF RELEASE FROM SHU....................** **08** **04** **07**
(Add total time assessed to date of confinement, item 3 plus 4)   YR MO DAY

**6.** **MINIMUM SHU CONFINEMENT TIME TO SERVE....................** __ **07** **15**
(Enter 75% of the total SHU time (item 3) using the SHU Time Computation Table)   YR MO DAYS
   a.    Date of confinement/violation (item 4)   **07** **06** **07**
                                                   YR MO DAY

**7.** **MINIMUM ELIGIBLE RELEASE DATE (MERD)....................** **08** **01** **22**
(Add the minimum SHU time to the date of confinement, item 6 plus 6a)   YR MO DAY

**8.** **FORFEITURE OF GOOD CONDUCT CREDITS FOR SUBSEQUENT MISCONDUCT**
(Enter "NONE" for item 8a or indicate the amount of time lost and describe and document the misconduct for which credit is being forfeited). SHU inmates may forfeit up to 45 days of clean conduct credits for each disciplinary infraction that is not serious enough to warrant the assessment of a subsequent or concurrent SHU term. Such forfeiture may be assessed against credits already earned or future credits.

   a.    Time forfeited for CDC 115 - Dated:_____ .................... ___ ___ ___
      1)                                                 YR MO DAYS
      2)

**SCREENED OUT**   JAN 0 9 2008   **ADJUSTED MERD** Cannot Exceed MAXIMUM.................... ___ ___ ___
(Add the amount of time forfeited to the prior MERD, item 7 plus 8a)   YR MO DAY

---

NAME AND TITLE OF STAFF COMPUTING TERM | DATE SIGNED | DATE ICC ESTABLISHED TERM
SCREENED OUT CCII FEB 0 1 2008 | 1/3/08 | 01/04/08

DISTRIBUTION: ORIGINAL - CENTRAL FILE;   YELLOW - INMATE;   PINK - AUDITOR

STATE OF CALIFORNIA    RECEIVED CAL APPEALS JAN 1 0 2008    DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT – PART C**    PAGE 1 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-14570 | SCOFIELD | 06-07-B06 | CAL-SP | 07/26/07 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF:    ☐ 115 CIRCUMSTANCES    ☒ HEARING    ☐ IE REPORT    ☐ OTHER

I, Correctional Officer J. Olivarez, was assigned as the Investigative Employee (I.E.) for this Serious Rules Violation Report, Log # 06-07-B06, on July 26, 2007.

On Thursday, July 27, 2007, I introduced myself to Inmate SCOFIELD, CDC #P-14570, as having been assigned as his Investigative Employee for this case, in accordance with CCR §3315(d)(1). Inmate SCOFIELD expressed no objections and acknowledged receipt of all reports and/or pertinent documents for this case.

**INMATE STATEMENT:** Inmate SCOFIELD did not have a statement for the investigative report, however, Inmate SCOFIELD requested that individuals be interviewed on his behalf.

**WITNESSES' STATEMENTS:** Inmate SCOFIELD requested that the Investigative Employee interview Inmate DITTO, K-30300, Correctional Officer F. Gonzales, and Correctional Officer M. Arvizu on Inmate SCOFIELD's behalf.

Questions posed to Inmate DITTO, K-30300, on the behalf of Inmate SCOFIELD:

Q1: Have you recently had an RVR from 'B' Facility alleging possession of a weapon?

A1: Yes.

Q2: What was it?

A2: 1 box cutter.

Q3: Were you found guilty or was it dropped to a lesser charge?

A3: I was found guilty, however, the evidence did not support the charge of violation of CCR §3006(a). It was reduced to the specific act of 'possession of dangerous contraband.'

Q4: What was the Log #?

A4: 03-07-B08R dated 5/8/07

Questions posed to Correctional Officer F. Gonzales on the behalf of Inmate SCOFIELD:

Q1: Did Inmate SCOFIELD tell you on the night of the finding of an alleged weapon that it was a small flathead screwdriver?

A1: Yes

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| J. OLIVAREZ, Correctional Officer | | 8-17-07 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| J. Olivarez | 8-17-07 | 1800 |

☒ SCREENED OUT    FEB 01 2008
COPY OF CDC 115-C GIVEN TO INMATE    JAN 2 5 2008
SCREENED OUT

CDC 115-C SCREENED OUT    JAN 0 9 2008

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART 2**                                                   PAGE   2   OF   2

| CDC NUMBER   RECEIVED CAL APPEALS JAN 3 1 2008 | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|
| P-14570 | SCOFIELD | 06-07-B06 | CAL-SP | 07/26/07 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF:    ☐ 115 CIRCUMSTANCES    ☒ HEARING    ☐ IE REPORT    ☐ OTHER

Q2:   Did he tell you that it was for working on his eyeglasses?

A2:   I don't remember the details of our conversation.

Inmate SCOFIELD requested that Correctional Officer M. Arvizu be interview as a character witness, however, this request was denied by a Senior Hearing Officer (SHO) due to the irrelevance of character evidence.

**INVESTIGATIONS:** Inmate SCOFIELD requested that the Investigative Employee photocopy his eyeglasses to be shown as evidence that he had been using the alleged 'weapon' as a tool to adjust his eyeglasses. However, the eyeglasses will be present at the hearing since they are always worn by Inmate SCOFIELD.

Inmate SCOFIELD requested that the alleged weapon be re-photocopied to show that the tip is edged flat like a flathead screwdriver. However, this request was denied by a SHO because the evidence was processed per institutional policy and procedure.

Inmate SCOFIELD requested that the Investigative Employee document that the items in question are dangerous, but are not weapons. As the Investigative Employee, my opinion is not relevant to the charge.

**REPORTING EMPLOYEE'S STATEMENT:** "On Thursday, June 07, 2007, at approximately 1900 hours, while performing my duties as the Facility 'B' Gym Gun Officer, I was instructed by my supervisor to search cell 106 in Housing Unit B1. I proceeded to B1-106, jointly occupied by Inmates SCOFIELD, P-14570, and STINE, T-28346. Officer J. Lopez and I escorted both inmates to the Facility 'B' exercise area on Yard #2. I proceeded to B1-106 and conducted a search of the cell and discovered two plain white cassette tapes. Upon searching the first cassette tape I discovered a 'Box Cutter Style' razor blade measuring approximately 1 ½' wide and ¾' in length taped to the inside of the cassette tape. The second cassette tape had an 'Inmate Manufactured Weapon' made from flat metal measuring 3 1/8" in length and 1/8" wide, sharpened to a point at one end with no handle, taped to the inside of the cassette tape with no further contraband being found in cell B1-106."

Inmate SCOFIELD does not request the presence of the Investigative Employee at the hearing.
Inmate SCOFIELD does not request the presence of the Reporting Employee at the hearing.
Inmate SCOFIELD does not request the presence of Witnesses at the hearing.

This concludes my report.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| J. OLIVAREZ, Correctional Officer | | 8-17-07 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| J. Olivarez | 8-17-07 | 1800 |

SIGNATURE OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

SCREENED OUT JAN 2 5 2008
SCREENED OUT JAN 0 9 2008
SCREENED OUT FEB 0 1 2008

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

CDC 1030 (2/88)

RECEIVED CAL APPEALS JAN 15 2008

RECEIVED CAL APPEALS JAN 3 1 2008

# CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: P-14570      INMATE NAME: SCOFIELD

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated __06/11/07__

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution. This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☒ More than one source independently provided the same information.

d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☐ Part of the information provided by the source(s) has already proven to be true.

f) ☐ Other (EXPLAIN) _____

_____

3) Disclosure of information received.

The information received indicated the following: __That you conspired to and ordered another__

__to commit a battery with a weapon upon another inmate.__

_____

_____

_____

_____

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). __Confidential Memorandum dated June 7, 2007, authored by Officer C. Highey and__

__Sergeant O. Valdez.__ JAN 25 2008

SCREENED OUT

SCREENED OUT _____ FEB 0 1 2008 _____      __6-11-07__
STAFF SIGNATURE, TITLE      DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

OSP 96 14546

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: F-35040     INMATE NAME: GOEPNER

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _____ submitted by

_____

STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated ___06/11/07___

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☒ More than one source independently provided the same information.

d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☐ Part of the information provided by the source(s) has already proven to be true.

f) ☐ Other (EXPLAIN) _____

_____

3) Disclosure of information received.

The information received indicated the following: ___That you conspired to ~~and ordered another~~ no

to commit a battery with a weapon upon another inmate. _____

_____

_____

_____

_____

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). __Confidential Memorandum dated June 7, 2007, authored by Officer C. Hughey and

Sergeant O. Valdez.__

_____ Lt          __6-11-07__
STAFF SIGNATURE, TITLE              DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT – PART C

PAGE  1  OF  3

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-28364 | STINE | 06-07-B07 | CAL-SP | 08/24/07 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER

On Friday, August 24, 2007, at approximately 12:11 hours, Inmate STINE, CDC # T-28364, appeared before me for adjudication of this Rules Violation Report (RVR). I introduced myself as the Senior Hearing Official (SHO) for this disciplinary hearing and explained the hearing rules and procedures. Inmate STINE stated that he was in good health, acknowledged the receipt of all reports and/or pertinent documents more than twenty-four (24) hours in advance of the hearing as required by CCR §3320(c)(2), and stated that he was ready to proceed with this hearing. All time constraints and due process requirements have been met.

Inmate STINE is not a participant in the Mental Health Services Delivery System (MHSDS), Disability Placement Program (DPP), or the Developmental Disability Program (DDP). Inmate does not appear on the Testing Literacy Report as having a TABE score of 4.0 or below.

Effective communication was established with Inmate STINE by the SHO prior to proceeding with this hearing. Inmate STINE successfully read the CDC-115 aloud to the SHO, and stated that he understood the report and the charges, and that he had no questions regarding the CDC-115.

**STAFF ASSISTANT:** A Staff Assistant was not assigned. Inmate STINE understands English in written and verbal form, the issues are not complex and Inmate STINE does not meet the criteria for assignment of a Staff Assistant per CCR §3315(d)(2)(A).

**INVESTIGATIVE EMPLOYEE:** Officer J. Olivarez was assigned as the Investigative Employee on July 26, 2007. Please refer to Investigative Employee's Report.

**INMATE'S PLEA:** The charges were read to Inmate STINE, and he pleaded NOT GUILTY.

**INMATE'S STATEMENT:** Inmate STINE stated: "I had no knowledge. I never say those items, the razor blade and weapon."

**WITNESSES' STATEMENT(S):** Inmate STINE had previously requested to have witnesses present at this hearing, but has since declined the presence of witnesses as indicated by his signature on the CDC-115A. However, based upon information provided in the Investigative Employee's report in which Inmate SCOFIELD, P-14570, claimed responsibility for the contraband/weapons, the SHO elected to call Inmate SCOFIELD as a witness. The following testimony was provided by Inmate SCOFIELD:

Q1:    What happened on June 7, 2007?

A1:    The items found were mine. They were not weapons. I never told him they were there. My cellie had nothing to do with this. They were mine.

CONT. ⟶ →

| COPY OF CDC 115-C GIVEN TO INMATE ☒ | SIGNATURE OF WRITER J. JIMENEZ, Lieutenant | | DATE SIGNED 9/17/0? |
|---|---|---|---|
| | GIVEN BY: (Staff's Signature) J. Olivarez | DATE SIGNED 9/18/07 | TIME SIGNED 1700 |

CDC 115-C (5/95)

STATE OF CALIFORNIA                                                                 DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT -- PART C

PAGE 2 OF 3

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-28364 | STINE | 06-07-B07 | CAL-SP | 08/24/07 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF:    ☐ 115 CIRCUMSTANCES    ☒ HEARING    ☐ IE REPORT    ☐ OTHER

**FINDINGS:** Inmate STINE was found NOT GUILTY of violating CCR §3006(a), for the specific act of POSSESSION OF DANGEROUS CONTRABAND/WEAPONS. This finding was based on a preponderance of the evidence submitted at the hearing, which is considered valid, but that does not substantiate the charge. The evidence includes:

1) The reporting employee's written report, which states in part:

"On Thursday, June 7, 2007, at approximately 1900 hours, while performing my duties as the Facility 'B' Gym Gun Officer, I was instructed by my supervisor to search cell 106 in Housing Unit B1. I proceeded to B1-106, jointly occupied by Inmate(s) Inmate STINE (T-28346, B1-106U) and SCOFIELD (P-14570, B1-106L). . . . I proceeded to B1-206 and conducted a search of the cell and discovered two plain white cassette tapes. Upon searching the first cassette tape I discovered a 'Box Cutter Style' razor blade measuring approximately 1 ½" wide and ¾" in length taped to the inside of the cassette tape. The second cassette tape had an 'Inmate Manufactured Weapon' made from flat metal measuring 3 1/8" in length and 1/8" wide, sharpened to a point at one end with no handle, taped to the inside of the cassette tape with no further contraband being found in cell B1-106."

2) The testimony of Inmate SCOFIELD, P-14570, stating:

"The items found were mine. They were not weapons. I never told him they were there. My cellie had nothing to do with this. They were mine."

**SHO NOTES:** The SHO notes that the reporting employee's written report makes no mention of where in cell B1-106 the plain white cassette tapes which concealed the contraband/weapons were found. In light of the testimony of Inmate SCOFIELD that the contraband was his and that Inmate STINE did not know of its existence, the reporting employee's report is too vague to establish that Inmate STINE had constructive possession of the contraband/weapons. In the absence of clear evidence that the contraband/weapons were located in a location reasonably under the control of Inmate STINE, the testimony of Inmate SCOFIELD is awarded significant weight. The SHO cannot find by a preponderance of the evidence that Inmate STINE knew of and/or had constructive possession of the contraband/weapons.

**DISPOSITION:**    This CDC-115 is dismissed in the interest of justice due to insufficient evidence.

Inmate STINE was referred to ICC with the recommendation of program review.

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | J. JIMENEZ, Lieutenant | | 9/17/07 |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | J. Olivarez | 9/18/07 | 1700 |

CDC 115-C (5/95)

STATE OF CALIFORNIA — 804 TO RECORDS:      DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| P-14570 | SCOFIELD | | EPRD 9/14/2012 | CSP-CAL | B1-106L | 06-07-B10R |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR #3005 (c) | Conspiracy to commit "Battery W/Weapon" | Facility "B" | 06/07/07 | 1900 HRS. |

**CIRCUMSTANCES**

This RVR was ordered re-issued / re-hear on November 15, 2007, by G. J. Janda Chief Disciplinary Officer (CDO) due to Inmate SCOFIELDS CDC-1030 did not provide adequate information to presenting an adequate defense.

On Thursday, June 07, 2007, at approximately 1900 hours, while performing my duties as the Facility "B" Program Sergeant, confidential information was received that you Inmate SCOFIELD (P-14570, B1-106L) ordered the "Battery" of another person with a weapon, while housed on Facility "B" and conspired with Inmate GOEPNER (F-35040, B2-150U), and Inmate JONES (T-23151, B1-212L) to commit "Battery on an Inmate With a Weapon. Based on the confidential information a search of your assigned cell B1-106 was conducted and two plain white cassette tapes consistent with the confidential information provided was discovered.

RVR Continued on CDC-115, Part "C"

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ O. VALDEZ, Program Sergeant | 11-21-07 | "B" Program | Sat/Sun |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| ▶ J. SIGLER, Correctional Lieutenant | 11-15-07 | DATE N/A | LOC. N/A | |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | A1-181-3(01) | 11-15-07 | J. SIGLER, CORRECTIONAL LIEUTENANT | ☐ HO ☒ SHO ☐ SC ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☒ CDC 115 | BY (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | S. Valenzuela | 11/27/07 | 1148 | SEE BELOW |

| ☒ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| CAL-CB2-07-06-0166 | J. ORTEGA | 12/9/07 | 1435 | J. ORTEGA | 12/9/07 | 1435 |

**HEARING**

CDC115, 837-A
837-A1/B1/B2
837-C/C1
2-PARTS COPIES OF CASSETTE TAPES
COPIES OF HOLDING CELL LOGS

PAGE 1 OF 5
TEXT BEGINS
PART C

| | (SHO) | SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| CORRECTIONAL LIEUTENANT | | R.J. | 12/24/2007 | 1652 |

| (FAC-B) | DATE | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|
| 12-31-07 | | ▶ G.J. JANDA / ASSOCIATE WARDEN (A) | 01/02/08 | |
| | | ▶ J. Olivarez | 1/3/08 | 1000 |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE ___ OF ___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-14570 | SCOFIELD | 01-07-B10 R | CSP-CAL | 06/10/07 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☒ 115 CIRCUMSTANCES  ☐ HEARING  ☐ IE REPORT  ☐ OTHER ___

Upon further inspection it was discovered that the first cassette tape contained a "Box Cutter Style" razor blade measuring approximately 1 ½"inch wide and ¾" inch in length taped to the inside of the cassette tape. The second cassette tape contained an "Inmate Manufactured Weapon" made from flat metal measuring 3 1/8" inches in length and 1/8" inch wide, and sharpened to a point at one end with no handle, taped to the inside of the cassette tape. A 3rd white cassette tape was discovered in Housing B2, with a similar style "Box Cutter style razor blade hidden inside that measured 1 ½" inch wide and ¾" inch in length taped to the inside  The evidence was measured, photocopied and placed into evidence locker #2, located in Central Control. Inmate SCOFIELD is not a participant in the Mental Health Services Delivery System (MHSDS), Disability Placement Program (DPP), or the Developmental Disability Program (DPP). Inmate SCOFIELD does not appear on the Testing Literacy Report as having a TABE score of 4.0 or below

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| O. VALDEZ, Correctional Sergeant | 11-21-07 |

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| D. Valenzuela | 11/27/07 | 1/4 |

☑ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA                                                  DEPARTMENT OF CORRECTIONS & REHABILITATION
RULES VIOLATION REPORT – PART C                                                              PAGE 2 OF 5

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P14570 | SCOFIELD | 06-07-B010R | CSP-CAL IV | 12/19/2007 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF    ☐ 115 CIRCUMSTANCES    ☒ HEARING   ☐ I.E. REPORT    ☐ OTHER:

On Wednesday, December 19, 2007, at approximately 1033 hours, Inmate SCOFIELD P14570 appeared before this Senior Hearing Officer (SHO) for adjudication of CDC-115, Rules Violation Report (RVR), Log #06-07-B010R, charging him with violating California Code of Regulations (CCR) §3005(c), specifically for: CONSPIRACY TO COMMIT BATTERY WITH WEAPON, classified as a Division "A1" Offense. The SHO introduced himself and explained hearing rules and procedures to Inmate SCOFIELD, who stated that he was in sound physical health and that he was ready to proceed with this hearing. Inmate SCOFIELD IS NOT A PARTICIPANT in the Mental Health Services Delivery System (MHSDS), nor is he a participant in the Disability Placement Program (DPP), or the Development Disability Program (DDP).

TESTING LITERACY REPORT / EFFECTIVE MEANS OF COMMUNICATION:
Inmate SCOFIELD's name IS LISTED on the Testing Literacy Report (TLR) of inmates having a GPL of 4.0 or below. Inmate SCOFIELD stated that his name appears on the list simply because he made no effort to answer the questions correctly when he was last tested. Inmate SCOFIELD further stated that he has a GED, he is familiar with the disciplinary process, and that he has read and understands the CDC-115 and the specific charge. During the hearing, Inmate SCOFIELD read aloud (fluently) a portion of the RVR, as verification of acceptable reading and comprehension. SHO was satisfied that Inmate SCOFIELD has read and understands the RVR, and the nature of the charges. SHO determined that effective means of communication was established.

DUE PROCESS:
*This Rules Violation Report (RVR) was originally logged as #06-07-B010, was issued on 06/18/2007 and was heard on 08/24/2007. On 11/15/2007, this RVR was ordered Re-issued by G.J. Janda, Chief Disciplinary Officer (CDO) because the CDC-1030 failed to provide adequate information for a defense. The Re-issued CDC-115 (Log #06-07-B010R) was issued on 11/27/2007. The hearing disposition of this Re-issued CDC-115 (Log #06-07-B010R) commences below:*

In the hearing Inmate SCOFIELD verified that he received copies of the following documents more than twenty-four (24) hours in advance of this hearing: CDC-115, CDC-115-C (Continuation Page), CDC-115-A, Inmate SCOFIELD's CDC-7219 (dated 06/07/2007), two (2) Evidence Photocopies and the Incident Report (Log #CAL-FB2-07-06-0166). And although not specifically listed on the CDC-115 or CDC-115-A, Inmate SCOFIELD verified that he also received more than twenty-four hours in advance of this hearing, copies of the original Confidential Information Disclosure Form (CDC-1030) and copies of a revised CDC-1030 (issue date: 12/06/2007). Additionally, Inmate SCOFIELD verified that he was served a copy of the Investigative Employee Report on 12/18/2007 (e.g., less than twenty-four hours in advance of this hearing), however, he was requesting to waive additional time to prepare for this hearing. The preliminary copy of the Re-issued RVR was served to Inmate SCOFIELD within fifteen (15) days of the date that it was ordered Re-issued by the CDO. The hearing was conducted within thirty (30) days of service. The following dates/actions relative to disciplinary due process, are noted:

06/07/2007:  Date of Incident / Date of Discovery for original RVR (Log #06-07-B010).
11/15/2007:  CDO ordered RVR to be Re-issued / Date of Discovery for Re-issued RVR (Log #06-07-B010R).
11/27/2007:  Inmate SCOFIELD was served Pre-hearing copy (1st copy) of Re-issued CDC-115, CDC-115-C Continuation page, CDC-115-A (Log #06-07-B010R).
12/09/2007:  Inmate SCOFIELD was served with copies of the following documents:
              Incident Report (Log #CAL-FB2-07-06-0166).
              Two (2) Evidence Photocopies.
              Holding cell logs.
              CDC-7219 (dated 06/07/2007).
12/18/2007:  Inmate SCOFIELD was served a copy of the Investigative Employee Report.
12/19/2007:  Inmate SCOFIELD requested disciplinary hearing to be heard, and stated his willingness to waive time constraints so that the hearing could be conducted as soon as possible.
12/19/2007:  Disciplinary Hearing Conducted.

SHO reviewed the CDC-115 and CDC-115-A, and noted that the following related documents were not noted as having been served to Inmate SCOFIELD, on either document. In addressing this discrepancy, SCOFIELD verified that he was served a copy

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| R.G. HOPPER, Correctional Lieutenant | | 12/24/2007 |
| ☒ COPY OF CDC-115 GIVEN TO INMATE | GIVEN BY STAFF SIGNATURE:  J. Olivarez | DATE SIGNED  1/3/08 | TIME SIGNED  2000 |

CDC-115-C

STATE OF CALIFORNIA

RULES VIOLATION REPORT—PART C

DEPARTMENT OF CORRECTIONS & REHABILITATION

PAGE 3 OF 5

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P14570 | SCOFIELD | 06-07-B010R | CSP-CAL IV | 12/19/2007 |

☐ SUPPLEMENTAL  ☑ CONTINUATION OF  ☐ 115 CIRCUMSTANCES  ☑ HEARING  ☐ I.E. REPORT  ☐ OTHER:

of the original Confidential Information Disclosure Form (CDC-1030), and a copy of a revised CDC-1030 (issue date: 12/06/2007) more than twenty-four hours in advance of this hearing.

Time constraints WERE NOT MET, in that Inmate SCOFIELD was served a copy of the Investigative Employee Report less than twenty-four hours in advance of this hearing (e.g., issued on 12/18/2007 @ 2000 hours). *Inmate SCOFIELD, however, elected to waive his right to twenty-four hours to prepare for this hearing, as indicated by his signed statement on the CDC-115-A.* SHO notes NO Due Process Violations.

REFERRAL FOR PROSECUTION:
On 11/27/2007, Inmate SCOFIELD requested NO postponement of his disciplinary hearing pending outcome of referral for prosecution, as indicated by his signature on the CDC-115-A.

MIRANDA ADVISEMENT:
SHO reminded Inmate SCOFIELD of his Miranda rights and advised him that any statements made during this hearing may be used against him during possible future criminal proceedings. Inmate SCOFIELD said that he understood his Miranda Rights and requested to proceed with the disciplinary hearing. WRONG! NO MIRANDA WARNING WAS EVER ISSAFD.

STAFF ASSISTANT:
Per CCR §3315(d)(2), a Staff Assistant (SA) WAS NOT ASSIGNED because Inmate SCOFIELD is literate and speaks/reads English fluently. The complexities of the issues are such that an assistant is not necessary for Inmate SCOFIELD to comprehend the nature of the charges or the disciplinary process. Additionally, Inmate SCOFIELD does not need assistance that would require a confidential relationship, as described in CCR §3318(b)(2)(A). In the hearing, Inmate SCOFIELD concurred with this decision.

INVESTIGATIVE EMPLOYEE:
Per CCR §3315(d)(1), an Investigative Employee (IE) WAS ASSIGNED because Inmate SCOFIELD is currently housed in Administrative Segregation (ASU-1), making it unlikely that he could conduct his own investigation. On 11/27/2007, Correctional Officer J. Olivarez was assigned as the IE for this RVR. Inmate SCOFIELD acknowledged that he received and reviewed his copy of the IE Report prior to this hearing.

INMATE'S PLEA:
The charge was read to Inmate SCOFIELD, and he pled NOT GUILTY.

INMATE'S STATEMENT:
Inmate SCOFIELD stated: "There was no conspiracy to batter anyone. And I've already been found guilty on another 115 for what they call a weapon. It wasn't a weapon though; it was really just a screw driver. I made it from a broken arm from my glasses. Look *(Inmate SCOFIELD displayed eyeglasses to SHO),* the arms are different." *SHO noted the arms were in fact different.* "The one they found was just a screw driver that I used to attach this arm *(e.g., referred to one arm of eyeglasses).* I had somebody get it for me from Optical so I could fix my glasses. The IE asked my witnesses if this conspiracy was even possible and they said it wasn't. Because of the yard schedule, I didn't have access to these other guys from 2-block."

In response to SHO questions, Inmate SCOFIELD said that when this 115 was generated, Facility-B was under a lengthy modified program. During which, inmates were cell fed and only received yard privileges with inmates from their own housing unit. Inmate SCOFIELD said he seldom knew inmates in other Facility-B housing units because they all had very little access to inmates assigned to other housing units.

WITNESSES:
Inmate SCOFIELD chose not to have witnesses present during the hearing, but elected to not sign the CDC-115-A indicating this.

FINDINGS:
Inmate SCOFIELD was found <u>NOT GUILTY</u> of violating CCR §3005(c), for the Specific Act: <u>CONSPIRACY TO COMMIT BATTERY WITH WEAPON</u>, classified as a Division "A1" Offense. This finding was based upon the preponderance of evidence submitted at this hearing, which DOES NOT substantiate the CHARGE. This evidence includes:

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | R.G. HOPPER, Correctional Lieutenant | 12/24/2007 |
| ☐ COPY OF CDC-115 GIVEN TO INMATE | GIVEN BY STAFF SIGNATURE: J. Olivarez  |  DATE SIGNED: 1/3/08 | TIME SIGNED: 2000 |

CDC-115-C

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS & REHABILITATION
RULES VIOLATION REPORT – PART C                                                                    PAGE 4 OF 5

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P14570 | SCOFIELD | 06-07-B010R | CSP-CAL IV | 12/19/2007 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ I.E. REPORT | ☐ OTHER: |
|---|---|---|---|---|---|

- **The Reporting Employee's written report, which states in part:** "On Thursday, June 07, 2007, at approximately 1900 hours, while performing my duties as the Facility "B" Program Sergeant, confidential information was received that you Inmate SCOFIELD (P-14570, B1-106L) ordered the "Battery" of another person with a weapon, while housed on Facility "B" and conspired with Inmate GOEPNER (F-35040, B2-150U), and Inmate JONES (T-23151, B1-212L) to commit "Battery on an Inmate With a Weapon. <u>Based on the confidential information a search of your assigned cell B1-106 was conducted and two plain white cassette tapes consistent with the confidential information provided was</u> discovered. Upon further inspection it was discovered that the first cassette tape contained a "Box Cutter Style" razor blade measuring approximately 1 ½" inch wide and ¾" inch in length taped to the inside of the cassette tape. The second cassette tape contained an "Inmate Manufactured Weapon" made from flat metal measuring 3 1/8" inches in length and 1/8" inch wide, and sharpened to a point at one end with no handle, taped to the inside of the cassette tape. A 3rd white cassette tape was discovered in Housing B2, with a similar style "Box Cutter style razor blade hidden inside that measured 1 ½" inch wide and ¾" inch in length The evidence was measured, photocopied and placed into evidence locker #2, located in Central Control…"

- **Inmate SCOFIELD's NOT GUILTY plea and his testimony at the time of the hearing, when he denied having been involved in the alleged conspiracy.**

- **The revised CDC-1030 (issued on 11/22/2007) which indicates:**
    1. That Inmate SCOFIELD "conspired with Inmates JONES, T-23151, and GOEPNER, F-35040, to provide a "box-cutter" style razor blade to another inmate in a conspiracy to commit battery on an inmate with a weapon."
    **The source documents consist of two Confidential Memorandums located in the Confidential Section of Inmate SCOFIELD's Central File. One is authored by Correctional Sergeant O. Valdez (dated 06/07/2007) and the other is authored by Correctional Officer C. Hughey (dated: 06/07/2007).**
    **The Confidential Information was deemed reliable because:**
        c) More than one source independently provided the same information.
        d) This source incriminated himself/herself in a criminal activity at the time of providing the information.
        e) Part of the information provided by the source(s) has already proven to be true.

    **SHO NOTE:** The Confidential Memorandum said to have been authored by Correctional Sergeant O. Valdez (dated 06/07/2007), WAS NOT located in the Confidential Section of Inmate SCOFIELD's Central File, as was indicated on the revised CDC-1030 (issued on 12/06/2007), noted above.

- **The Confidential Memorandum authored by Correctional Officer C. Hughey (dated 06/07/2007), located in the Confidential Section of Inmate SCOFIELD's Central File, indicates that:**
    1. Inmates SCOFIELD P14570 & JONES T23151 were conspiring to assault inmate(s) with weapon(s).
    2. Inmate GOEPNER F35040 provided a "Box Cutter" style razor blade to an inmate.
    3. The Confidential Source gave the cassette/Box Cutter Razor Blade to Inmates Morales H48656 & Osorio K56060 in cell B2-215, but claimed that they did not know that a Box Cutter Razor Blade was concealed inside the cassette tape.
    4. Additional source(s) provided information, which indicated ONLY, that inmates identified via this Confidential Memorandum may be in danger on Facility-B.

    **SHO NOTE:** Due to the absence of Correctional Sergeant O. Valdez's 06/07/2007 Confidential Memorandum from the Confidential Section of Inmate SCOFIELD's Central File, SHO found the above CDC-1030 to inaccurately disclose the information contained in the Confidential Memorandum authored by C. Hughey on 06/07/2007, as well as incorrectly identify the source documents said to contain the information supporting the conspiracy charge.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| R.G. HOPPER, Correctional Lieutenant | 12/24/2007 |

| ☒ COPY OF CDC-115 GIVEN TO INMATE | GIVEN BY STAFF SIGNATURE | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | J. Olivaria | 1/3/08 | 2000 |

CDC-115-C

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS & REHABILITATION

RULES VIOLATION REPORT – PART C

PAGE 5 OF 5

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P14570 | SCOFIELD | 06-07-B010R | CSP-CAL IV | 12/19/2007 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ I.E. REPORT | ☐ OTHER: |
|---|---|---|---|---|---|

SUMMARY:

Based upon the facts and information presented during this hearing, SHO found Inmate SCOFIELD NOT GUILTY of having conspired to commit battery upon inmate(s) with weapons, as charged. Source documents said (via CDC-1030) to be located inside the Confidential Section of Inmate SCOFIELD's Central File, were not present. And the Confidential Memorandum authored by Officer C. Hughey, did not contain the specific allegations disclosed in the revised CDC-1030 and/or reported in this RVR. This Confidential Memorandum indicates that Inmate SCOFIELD and Inmate JONES allegedly conspired to commit battery on inmate(s) with weapon(s). The memorandum then implies that Inmate SCOFIELD provided a Box Cutter Razor Blade concealed inside a cassette tape to Inmate GOEPNER F35040, who allegedly then gave it to another inmate, who passed it to Inmates Morales H48656 & Osorio K56060 of cell B2-215 (e.g., where subsequently discovered by staff). Based (in part) upon the sources claim, involved staff determined that Inmates Morales & Osorio were unaware that the cassette contained the Box Cutter Razor Blade. Staff apparently also concluded as equally credible, the sources allegations that Inmates JONES and GOEPNER were Inmate SCOFIELD's co-conspirators, and the sources claim that Morales and Osorio had no culpability in the matter. Officer Hughey's Confidential Memorandum does not explain what other factors were considered, leading staff to conclude that Inmates GOEPNER and JONES were involved, but not those who had actual possession of the cassette/Box Cutter Razor Blade. Although the information contained in Officer Hughey's Confidential Memorandum does meet the Confidentiality/Reliability criteria pursuant to CCR §3321, SHO found the information lacking in credibility. Based upon the documentation available, SHO found that the investigation and/or searches, merely prove the following:

- Cell B1-106, occupied by SCOFIELD P14570 & STINE T28364, contained a Box Cutter Razor Blade (e.g., measuring approximately 1 ½" by ¾" inches) and an Inmate Manufactured Weapon made from flat metal sharpened to a point at one end with no handle (e.g., measuring 3-1/8" by 1/8" inches) concealed inside two (2) cassette tapes.
- Cell B2-215, occupied by Inmates Morales H48656 & Osorio K56060, contained a Box Cutter Razor Blade concealed inside a cassette tape.
- All three (3) cassette tapes were similar (e.g., plain white cassette tapes).
- Both Box Cutter Razor Blades were similar (e.g., measuring 3-1/8" by 1/8" inches).

*NOTE: SHO has verified via the Facility-B Disciplinary Log that Inmate SCOFIELD was in-fact charged with and found guilty of weapons possession, related to this incident (refer: RVR, Log #07-06-B06). Therefore, SHO rejected consideration of possible modified charges (i.e., for weapons or dangerous contraband possession, etc.).*

It is also noted that this SHO previously conducted the disciplinary hearings of Inmates GOEPNER and JONES, regarding this same incident. During their respective hearings SHO found insufficient evidence to support the charge of Conspiracy to Commit Battery With Weapon(s); the charges were dismissed in both instances. SHO notes that in order for a conspiracy to occur, two or more persons must be involved. In this case, following the dismissal of Inmate GOEPNER and Inmate JONES' RVRs, Inmate SCOFIELD remained the sole co-conspirator charged with this alleged conspiracy in this matter. SHO therefore, found that absent any remaining co-conspirators in this case the conspiracy charge against SCOFIELD has NO standing. Therefore, SHO elected to DISMISS this RVR due to INSUFFICIENT EVIDENCE.

DISPOSITION:

Inmate SCOFIELD is referred to ICC with the recommendation for Program/Housing Review.

Inmate SCOFIELD was advised of his right to appeal the findings and/or disposition of this hearing, pursuant to CCR §3084.1, Right to Appeal, and also advised him that he would receive a completed copy of the RVR, upon final audit by the Chief Disciplinary Officer. The review and signature of the Chief Disciplinary Officer affirms, reverses, or modifies the disciplinary action and / or credit forfeiture and constitutes the First Level of review for appeal purposes.

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | R.G. HOPPER, Correctional Lieutenant | 12/24/2007 |
| ☒ COPY OF CDC-115 GIVEN TO INMATE | GIVEN BY STAFF SIGNATURE: J. Olivarez | DATE SIGNED: 1/3/08 | TIME SIGNED: 2000 |

CDC-115-C

RECEIVED CAL APPEALS JAN 15 2008

RECEIVED CAL APPEALS JAN 31 2008

INMATE'S COPY OF
CDC 837 INCIDENT REPORT

### CAL-FB2-07-06-0166
**INCIDENT REPORT NUMBER**

### SCOFIELD, P14570
**INMATE'S NAME AND CDC NUMBER**

SCREENED OUT      JAN 25 2008

SCREENED OUT      FEB 01 2008

RECEIVED CAL APPEALS JAN 15 2008

# RECEIVED
RECEIVED CAL APPEALS JAN 31 2008

STATE OF CALIFORNIA

CRIME / INCIDENT REPORT FORM
PART A - COVER SHEET
CDCR 837-A (Rev. 07/05)

JUN 25 2007  PAGE 1 OF 13

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| INCIDENT LOG NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|
| CAL-FB2-07-06-0166 | 06/07/07 | 1900 |

| INSTITUTION | FACILITY | FACILITY LEVEL | INCIDENT SITE | LOCATION |
|---|---|---|---|---|
| CAL | B | ☐ I   Associate Warden<br>☐ II  Central Operations | B2 | B2 |

☐ ASU  ☐ SHU  ☐ PSU  ☐ SEG YARD    USE OF FORCE
☐ SNY  ☐ PHU  ☐ CTC  ☐ CC ☐ WA    ☐ YES  ☒ NO
☒ GP   ☐ RC         ☐ RM

SPECIFIC CRIME / INCIDENT

Conspiracy to commit Battery w/weapon/Poss. of Weapon

NUMBER/SUBSECTION:
☒ CCR  ☐ PC  ☐ N/A    3005(c)

| D. A. REFERRAL ELIGIBLE | CRISIS RESPONSE TEAM ACTIVATED | MUTUAL AID REQUEST | PIO/AA NOTIFIED |
|---|---|---|---|
| ☒ YES  ☐ NO | ☐ YES  ☒ NO | ☐ YES  ☒ NO | ☐ YES  ☒ NO |

RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| DEATH | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY | |
|---|---|---|---|---|
| ☐ INMATE | ☐ ACCIDENTAL  ☐ NATURAL | ☐ ON INMATE | ☐ BEATING | ☐ SPEARING |
| ☐ STAFF | ☐ EXECUTION  ☐ UNKNOWN | ☐ ON STAFF | ☐ GASSING | ☐ STABBING |
| ☐ VISITOR | ☐ HOMICIDE | ☐ ON VISITOR | ☐ POISONING | ☐ STRANGLING |
| ☐ OTHER: | ☐ SUICIDE | ☐ OTHER: | ☐ SEXUAL | ☐ OTHER: |
| | ☐ OVERDOSE | | ☐ SHOOTING | |
| ☒ N/A | ☒ N/A | ☒ N/A | ☐ SLASHING | ☒ N/A |

| SERIOUS INJURY | INMATE WEAPONS | | TYPE OF WEAPON / SHOTS FIRED / FORCE | | | |
|---|---|---|---|---|---|---|
| ☐ INMATE | ☐ CHEMICAL SUBSTANCE | TYPE: | WEAPON: | WARNING # | EFFECT # | BATON ROUND |
| ☐ STAFF | ☐ CLUB / BLUDGEON | ☐ COMMERCIAL WEAPON | ☐ MINI 14 | | | TYPE / NO: |
| ☐ VISITOR | ☐ EXPLOSIVE | | ☐ 38 CAL. | | | WOOD |
| ☐ OTHER: | ☐ FIREARM | ☒ INMATE MANUFACTURED | ☐ 9MM | | | RUBBER |
| | ☐ HANDS / FEET | WEAPON | ☐ SHOTGUN | | | FOAM |
| ☒ N/A | ☐ KNIFE | | LAUNCHER: | | | STINGER : |
| | ☐ SAP/SLUNG SHOT | | ☐ 37MM | | | .32 (A) |
| ESCAPES | ☐ PROJECTILE | | ☐ L8 | | | .60 (B) |
| | ☐ SPEAR | | ☐ 40MM | | | EXACTIMPACT |
| ☐ W / FORCE | ☐ SLASHING INSTRUMENT: (TYPE) | | ☐ 40MM MULTI | | | CTS 4557 |
| ☐ W/O FORCE | ☒ STABBING INSTRUMENT: (TYPE) Inmate Man. | | ☐ HFWRS | | | XM 1006 |
| ☐ ATTEMPTED | ☒ OTHER:  Commercial Box cutter | | FORCE | | | CHEMICAL |
| | | | ☐ EXPANDABLE BATON | | | ☐ OC |
| ☒ N/A | ☐ BODILY FLUID  ☐ OTHER FLUID: | | ☐ PHYSICAL FORCE | | | ☐ CN |
| | ☐ UNKNOWN LIQUID | | ☐ X10 | | | ☐ CS |
| | ☐ N/A | | ☐ OTHER: | | | ☒ N/A |

| CONTROLLED SUBSTANCE | WEIGHT | PROGRAM STATUS | EXCEPTIONAL ACTIVITY | |
|---|---|---|---|---|
| ☐ POSITIVE UA | ☐ WITH PACKAGING | ☐ MODIFIED PROGRAM | ☐ EMPLOYEE JOB ACTION | ☐ WEATHER |
| ☐ CONTROLLED MEDS | ☐ W/O PACKAGING | ☐ LOCKDOWN | ☐ ENVIRONMENTAL HAZARD | ☐ SEARCH WARRANT |
| | PRELIMINARY   LAB | ☐ STATE OF EMERGENCY | ☐ EXPLOSION | ☐ ARREST |
| ☐ AMPHETAMINE | | | ☐ FIRE | ☐ OTHER: |
| ☐ BARBITURATES | | IF YES, LIST AFFECTED | ☐ GANG/DISRUPTIVE GROUP | |
| ☐ COCAINE | | PROGRAMS: | ☐ HOSTAGE | |
| ☐ CODEINE | | | ☐ INMATE STRIKE | EXTRACTION: |
| ☐ HEROIN | | | ☐ MAJOR DISTURBANCE | ☐ CALCULATED |
| ☐ MARIJUANA/THC | | | ☐ MAJOR POWER OUTAGE | ☐ EMERGENCY |
| ☐ METHAMPHETAMINE | | | ☐ NATURAL DISASTER | |
| ☐ MORPHINE | | | ☐ PUBLIC DEMONSTRATION | |
| ☐ OTHER: | | ☒ N/A | ☐ SPECIAL INTEREST I/M | ☒ N/A |
| ☒ N/A | | | | |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):

On Thursday, June 7, 2007 at approximately 1900 hours, staff received confidential information that (3) inmates were conspiring to commit "Battery on inmates with weapons. A search was conducted with positive results for discovery of (2) commercial Box cutter blades and (1) inmate manufactured weapon.

COMPLETE SYNOPSIS / SUMMARY ON PART A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| J. SIGLER | Lieutenant | 176134 | 40969 |

| SIGNATURE OF REPORTING STAFF | PHONE EXT. (INCIDENT SITE) | DATE |
|---|---|---|
| | 6505 | 06/07/07 |

| NAME OF WARDEN / AOD (PRINT/SIGN) | TITLE | DATE |
|---|---|---|
| T. OCHOA   WJ. PRICE | WARDEN (A) | 6/8/07 |

SCREENED OUT FEB 1 7 2008

SCREENED OUT JAN 25 2008

STATE OF CALIFORNIA
CRIME / INCIDENT REPORT
PART A1 - SUPPLEMENT
CDCR 837-A1 (07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| PAGE _0_ OF _12_ | INCIDENT LOG NUMBER CAL-FB2-07-06-0166 |

| INSTITUTION CAL | FACILITY B | DATE OF INCIDENT 06/07/07 | TIME OF INCIDENT 1900 |

TYPE OF INFORMATION:

[X] SYNOPSIS/SUMMARY OF INCIDENT    [ ] SUPPLEMENTAL INFORMATION    [ ] AMENDED INFORMATION    [ ] CLOSURE REPORT

NARRATIVE:

On Thursday, June 07, 2007 at approximately 1900 hours, an Inmate approached Correctional Sergeant Valdez and stated that he had "Safety Concerns". An interview was conducted and confidential information was received that indicated that Inmates Jones, T23151, B1-212L, Goepner, F35040, B2-150U, and Scofield, P14570, B1-106L had conspired to have other Inmates assaulted with a weapon. Additionally Weapons were located inside cell B1-106 jointly occupied by Scofield and Inmate Stine, T28364, B1-106U.

This is a compilation of involved staffs reports for a more descriptive account refer to the appropriate CDCR 837C/C1.

USE OF FORCE: N/A

SUSPECT:
Jones, T23151, B1-212L
Goepner, F35040, B2-150U
Scofield, P14570, B1-106L
Stine, T28364, B1-106U

VICTIM: N/A

ESCORTS:
Correctional Officer F. Gonzales conducted a clothed and unclothed body search of Inmates Stine, Scofield and Goepner which proved negative for weapons or contraband. Stine and Scofield were placed in restraints and secured in the yard exercise area. Goepner was placed in restraints and secured in the Facility B medical clinics holding area.

Correctional Officer J. Lopez conducted a clothed and unclothed body search of Inmate Jones which proved negative for weapons or contraband. Jones was placed in restraints and escorted to the Facility B medical clinics holding area.

DECONTAMINATION: N/A

SEARCHES:
Correctional Officer C. Hughey conducted a search of cell B2-215, which proved positive for the discovery of (1) commercial box cutter blade, hidden inside a white casette tape. The evidence was photocopied and placed in evidence locker #1 located in central control. The Information received indicated that the inmates assigned to this cell were not implicated and had no knowledge of the contraband, there fore their information is not included in this package.

Officer Gonzales conducted a search of cell B1-106 which proved positive for (1) commercial box cutter blade hidden inside a white cassette tape, and (1) inmate manufactured deadly weapon fashioned from flat metal that measured 3 1/8" long and 1/8" wide sharpened to a point at one end also hidden inside a white casette tape. This evidence was photocopied and secured in evidence locker #2 in Central Control.

Officer Gonzales searched cell B2-150 which proved negative for weapons or or contraband.

Officer Lopez searched cell B2-212 which proved negative for weapons or or contraband.

[X] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) J. SIGLER | TITLE Lieutenant | ID # 176134 | BADGE # 40969 |

| SIGNATURE OF REPORTING STAFF | PHONE EXT. (INCIDENT SITE) 6505 | DATE 06/07/07 |

| NAME OF WARDEN / AOD (PRINT/SIGN) T. OCHOA   WJ. PRICE | TITLE WARDEN (A) | DATE 6/8/07 |

STATE OF CALIFORNIA
CRIME/INCIDENT REPORT RECEIVED CAL APPEALS JAN 3 1 2008
PART A1 - SUPPLEMENT
CDCR 837-A1 (07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE ___2___ OF ___2___

INCIDENT LOG NUMBER
CAL-FB2-07-06-0166

| INSTITUTION | FACILITY | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|
| CAL | B | 06/07/07 | 1900 |

TYPE OF INFORMATION:
[X] SYNOPSIS/SUMMARY OF INCIDENT   [ ] SUPPLEMENTAL INFORMATION   [ ] AMENDED INFORMATION   [ ] CLOSURE REPORT

NARRATIVE:

CRIME SCENE: N/A

INMATE INJURIES/TREATMENT:
A CDC-7219 was completed on all involved Inmates noting no injuries.

ADDITIONAL INFORMATION:

Inmate Jones, will receive CDC rule violation report (RVR) for "Conspiracy to commit Battery on an Inmate with weapon."
Inmates Scofield and Goepner will receive CDC rule violation report (RVR) for "Conspiracy to commit Battery on an Inmate with weapon/Possession of a deadly weapon."
Inmate Stine will receive CDC rule violation report (RVR) for "Possession of a deadly weapon."

All involved Inmates were rehoused in Administrative Segregation (Ad-Seg).

the involved Inmates are not participants in the Mental Health Delivery System (MHSDS) at any level of care.

There were no shots fired, no damage to state or personal property as a result of this incident. There were no allegations of unnecessary or excessive force used by staff.

All appropriate Administrative staff have been notified.

All staff involved in this incident were canvassed and have submitted their reports.

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) SCREENED OUT FEB 0 1 2008 | TITLE Lieutenant | ID # 176134 | BADGE # 40969 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF SCREENED OUT JAN 25 2008 | | PHONE EXT. (INCIDENT SITE) 6505 | DATE 06/07/07 |
| NAME OF WARDEN / AOD (PRINT/SIGN) T. OCHOA  W.J. PRICE | | TITLE WARDEN (A) | DATE 6/8/07 |

STATE OF CALIFORNIA    RECEIVED CAL APPEALS JAN 15 2008    DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART B1 - INMATE
CDC 837-B1 (09/03)

PAGE 4 OF 12

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| CAL | B | CAL-FB32-07-06-0166 |

### INMATE (ENTIRE SHEET)

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| JONES | CHAD | | T23151 | | | | |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM ☐ SUSPECT ☐ WITNESS | | ☐ YES ☐ NO | / / | / / | / / | ☐ YES ☐ NO | / / | B2-121L |
| | ☐ CCCMS ☐ MHCB | ☐ EOP ☐ DDP | ☐ DPP ☐ DMH ☐ N/A | COMMITMENT OFFENSE | | | | COUNTY OF COMMITMENT |

DESCRIPTION OF INJURIES:                     PRISON GANG / DISRUPTIVE GROUP

☐ N/A        ☐ VALIDATED ☐ ASSOCIATED ☐ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT    NAME/LOCATION OF HOSP./TREAT. FACILITY
☐ DECEASED DATE: _____    ☐ N/A    ☐ N/A

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| GOEPNER | DUSTIN | | F34504 | | | | |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM ☐ SUSPECT ☐ WITNESS | | ☐ YES ☐ NO | / / | / / | / / | ☐ YES ☐ NO | / / | B2-150U |
| | ☐ CCCMS ☐ MHCB | ☐ EOP ☐ DDP | ☐ DPP ☐ DMH ☐ N/A | COMMITMENT OFFENSE | | | | COUNTY OF COMMITMENT |

DESCRIPTION OF INJURIES:                     PRISON GANG / DISRUPTIVE GROUP

☐ N/A        ☐ VALIDATED ☐ ASSOCIATED ☐ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT    NAME/LOCATION OF HOSP./TREAT. FACILITY
☐ DECEASED DATE: _____    ☐ N/A    ☐ N/A

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| SCOFIELD | ROBERT | | P14570 | | | | |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM ☐ SUSPECT ☐ WITNESS | | ☐ YES ☐ NO | / / | / / | / / | ☐ YES ☐ NO | / / | B1-106L |
| | ☐ CCCMS ☐ MHCB | ☐ EOP ☐ DDP | ☐ DPP ☐ DMH ☐ N/A | COMMITMENT OFFENSE | | | | COUNTY OF COMMITMENT |

DESCRIPTION OF INJURIES:                     PRISON GANG / DISRUPTIVE GROUP

☐ N/A        ☐ VALIDATED ☐ ASSOCIATED ☐ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT    NAME/LOCATION OF HOSP./TREAT. FACILITY
☐ DECEASED DATE: _____    ☐ N/A    ☐ N/A

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| STINE | MICHAEL | | T28364 | | | | |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM ☐ SUSPECT ☐ WITNESS | | ☐ YES ☐ NO | / / | / / | / / | ☐ YES ☐ NO | / / | B1-106U |
| | ☐ CCCMS ☐ MHCB | ☐ EOP ☐ DDP | ☐ DPP ☐ DMH ☐ N/A | COMMITMENT OFFENSE | | | | COUNTY OF COMMITMENT |

DESCRIPTION OF INJURIES:                     PRISON GANG / DISRUPTIVE GROUP

☐ N/A        ☐ VALIDATED ☐ ASSOCIATED ☐ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT    NAME/LOCATION OF HOSP./TREAT. FACILITY
☐ DECEASED DATE: _____    ☐ N/A    ☐ N/A

STATE OF CALIFORNIA

CRIME/INCIDENT REPORT
PART B2 — STAFF REPORT
CDCR 837-B2 (07/05)

CRIME/INCIDENT REPORT CAL APPEALS JAN 15 2008
PART MEDICAL APPEALS JAN 31 2008

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE _5_ OF _13_

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| Calipatria | "B" | CAL-FB2-07-06-0166 |

## STAFF (ENTIRE SHEET)

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Valdez | O | | Correctional Sergeant | M | Hisp | Sat/Sun |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☒ PRIMARY  ☐ CAMERA | 66271 | 130138 | B Program Sergeant |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | |
| ☐ WITNESS | | | |
| ☐ VICTIM | ☒ N/A | | |

| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES  ☒ NO | |
| ☐ DECEASED DATE: _____ ☒ N/A  ☒ N/A | | TYPE: _____ | ☐ YES ☒ NO |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Hughey | C | | Correctional Officer | M | Wht | Sat/Sun |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☐ PRIMARY  ☐ CAMERA | 50280 | 630637 | "B" Dining Gun |
| ☒ RESPONDER | DESCRIPTION OF INJURIES: | | |
| ☐ WITNESS | | | |
| ☐ VICTIM | ☒ N/A | | |

| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES  ☒ NO | |
| ☐ DECEASED DATE: _____ ☒ N/A  ☒ N/A | | TYPE: _____ | ☒ YES ☐ NO |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Gonzales | F | | Correctional Officer | M | Hisp | Sun/Mon |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☐ PRIMARY  ☐ CAMERA | 57790 | 630638 | Fac "B" Gym Gun |
| ☒ RESPONDER | DESCRIPTION OF INJURIES: | | |
| ☐ WITNESS | | | |
| ☐ VICTIM | ☒ N/A | | |

| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES  ☒ NO | |
| ☐ DECEASED DATE: _____ ☒ N/A  ☒ N/A | | TYPE: _____ | ☒ YES ☐ NO |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Lopez | J | | Correctional Officer | M | Hisp | Tue/Wed |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☐ PRIMARY  ☐ CAMERA | 72942 | 630621 | B Yard #1 |
| ☒ RESPONDER | DESCRIPTION OF INJURIES: | | |
| ☐ WITNESS | | | |
| ☐ VICTIM | ☒ N/A | | |

| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES  ☒ NO | |
| ☐ DECEASED DATE: _____ ☒ N/A  ☒ N/A | | TYPE: _____ | ☐ YES ☒ NO |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| | | | | | | |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| ☐ PRIMARY  ☐ CAMERA | | | |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | |
| ☐ WITNESS | | | |
| ☐ VICTIM | ☐ N/A | | |

| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | JAN 25 2008 | ☐ YES  ☐ NO | |
| ☐ DECEASED DATE: _____ ☐ N/A  ☐ N/A | | TYPE: _____ | ☐ YES ☐ NO |

SCREENED OUT     FEB 0 1 2008

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C- STAFF REPORT
CDCR 837-C (Rev. 07/05)

PAGE __2__ OF __1__

INCIDENT LOG NUMBER
CAL-FB2-07-06-0166

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| Valdez | O. | R. | 06/07/07 | 1900 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 130138 | B Program Sgt. | 4 YR. 7 MO. | 06/07/07 | B2 and B1 Housing Unit |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| S/Su | 1400-2200 | Conspiracy to commit battery and possesion of a weapon | 3005 (c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☒ PRIMARY | C/O Hughey, C. | Jones T-23151 (s) |
| ☐ RESPONDER | C/O Gonzalez, F.C. | Goepner F-35040 (s) |
| ☐ WITNESS | | Scofield P-14570 (s) |
| ☐ VICTIM | | Stine T-28346 (s) |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | CHEMICAL AGENTS USE BY YOU | |
|---|---|---|---|---|---|
| ☐ WEAPON | | NO: | NO: TYPE: | | TYPE: |
| ☐ PHYSICAL | ☐ MINI-14 ___ | ☐ 37MM ___ | | ☐ OC ___ | |
| ☐ CHEMICAL | ☐ 9 MM ___ | ☐ 40 MM ___ | | ☐ CN ___ | |
| ☒ NONE | ☐ 38 CAL ___ | ☐ L8 ___ | | ☐ CS ___ | |
| FORCE OBSERVED BY YOU | ☐ SHOTGUN ___ | ☐ 40 MULTI ___ | | ☐ OTHER: ___ | |
| ☐ WEAPON | | ☐ HFWRS | | | |
| ☐ PHYSICAL | ☒ N/A | ☐ BATON | | ☒ N/A | |
| ☐ CHEMICAL | | | | | |
| ☒ NONE | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: ___ | |

NARRATIVE:
On Thursday, June 07, 2007 I was informed by two confidential informants that inmates Jones T-23151, Goepner F-35040 and Scofield P-14570 were conspiring to assault them. Interviews were conducted on these three inmates and an unnamed third confidential informant for any information they might have on this matter. Confidential information was received of weapons being located in Inmate Scofield's P-14570 and Inmate Stine's T-28346 cell (B1-106). After searching cell B1-106 two different weapons were discovered by Correctional Officer Gonzalez, (1) box cutting blade located in a white casette tape and (1) inmate manufactured deadly weapon fashioned from metal that measured 3 1/8" long and 1/8" wide sharpened to a point at one end also hidden inside a white cassette tape. Confidential information was also received about a second cell (B2-212) with a weapon. Correctional Officer Hughey searched this cell and (1) box cutting blade was discovered hidden inside a white cassette tape. Information indicated that the inmates assigned to this cell were not implicated and had no knowledge of this contraband. All involved inmates were then placed in Administrative Segregation pending further review of this incident.

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| | Sergeant | 66271 | 06/07/07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| M P Duran MPDura | 06/07/07 | ☐ YES ☐ NO | ☐ YES ☒ NO | 6/14/07 |

Distribution: Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA **RECEIVED CAL APPEALS JAN 15 2008**    DEPARTMENT OF CORRECTIONS AND REHABILITATION
CRIME / INCIDENT REPORT
PART C - SUPPLEMENT **RECEIVED CAL APPEALS JAN 3 1 2008**

**RECEIVED CAL APPEALS JAN3 1 2008**

CDCR 837-C (REV. 10/06)

Page ___1___ of ___13___

| INCIDENT LOG NUMBER |
|---|
| CAL-FB2-07-06-0166 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Husley C. | C | J | 6-7-08 | 1900 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 430637 | B-Dining Gun | 12 YR. 9 MO. | 6-7-07 | B2-215 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| S/S/H | 7-1500 | Conspiracy to Commit Battery (Poss of weapon 3005(C) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESSES) |
|---|---|---|
| ☒ PRIMARY (S) | Lopez | Morales H-48686 |
| ☒ RESPONDER | | Osorio K-56060 |
| ☒ WITNESS | | |
| ☒ VICTIM | | |
| ☒ CAMERA | | |
| ☒ SCRIBE | | |

| FORCE USED BY YOU | FORCE USED BY YOU - TYPE OF WEAPON / SHOTS FIRED / FORCE | | | |
|---|---|---|---|---|
| ☒ WEAPON | ☒ N/A | WEAPON: | WARNING EFFECT: | LAUNCHER: EFFECT#: | CHEMICAL/ TYPE: |
| ☒ PHYSICAL | | ☒ MINI 14 | | ☒ 37MM | ☒ N/A |
| ☒ CHEMICAL | FORCE: | ☒ .38 CAL | | ☒ L8 | ☒ OC |
| ☒ NONE | ☒ EXPANDABLE BATON | ☒ 9MM | | ☒ 40MM | ☒ CN |
| | ☒ PHYSICAL FORCE | ☒ SHOTGUN | | ☒ 40 MM MULTI | ☒ CS |
| FORCE OBSERVED BY YOU | ☒ X10 | | | ☒ HFWRS | ☒ OTHER |
| ☒ WEAPON | | | | | |
| ☒ PHYSICAL | EVIDENCE DESCRIPTION | EVIDENCE DESCRIPTION | BIO HAZARD | PPE |
| ☒ CHEMICAL | ☒ N/A Box cutter blade | ☒ N/A | ☒ Yes | ☒ Yes |
| ☒ NONE | | | ☒ No | ☒ No |

| EVIDENCE COLLECTED BY | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|---|
| ☒ Yes | ☒ N/A | ☒ N/A | ☒ BODILY    ☒ N/A | ☒ Yes |
| ☒ No | | | ☒ UNKNOWN | ☒ No |
| REPORTING STAFF INJURED | | | ☒ OTHER _____ | |
| ☒ Yes | | | | |
| ☒ No | | | | |

NARRATIVE:

On Thursday June 6, 2007 at approximately 1920 hours while performing my duties as B-Dining Gun. I received confidential information there was a box cutter razor blade in B2-215, jointly occupied by Osorio K-56060 B2-215U and Morales H-48686 B2-215L. I approached cell B2-215 placed both inmates in handcuffs and escorted them to B-upper shower where I performed an unclothed body search of both inmates with negative results. During my search of B2-215 I discovered a box cutter type razor blade tape inside a white colored ~~razo~~ cassette tape. I maintained sole possession of the tape and completed the search with no further contraband being found. I escorted Jim Morales to facility B workout area on yard 2 and c/o Lopez escorted Osorio. The cassette tape and razor blade was placed in central controls evidence locker #1. Inmates Morales and Osorio were interviewed and returned to their cells.

| ☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1 |
|---|

**SCREENED OUT FEB 0 1 2008**

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # 50280 | ID# 1763309 | DATE 6-7-07 |
|---|---|---|---|---|

**SCREENED OUT FEB 0 1 2008**

| NAME AND TITLE OF REVIEWER (PRINT/ SIGNATURE) | DATE RECEIVED 6-7-07 | APPROVED ☒ Yes ☒ No | CLARIFICATION NEEDED ☒ Yes ☒ No | DATE |
|---|---|---|---|---|

STATE OF CALIFORNIA                                                DEPARTMENT OF CORRECTIONS AND REHABILITATION

CRIME / INCIDENT REPORT
PART C - STAFF REPORT

CDCR 837-C (REV. 10/06)

Page 5 of 13    INCIDENT LOG NUMBER
CAL-FB2-07-06-0166

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Gonzales | F. | C | 6-7-07 | 1900 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 630638 | B-Gym Coun | 9 YR. 6 MO. | 6-7-07 | B1 and B2 H.V. |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| S/m | 1400 to 2200 | conspiracy to commit battery / poss. of weapons | 300.5 (c) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESSES) |
|---|---|---|
| ☒ PRIMARY | J. Lopez (S) | Scofield (P14570) (S) |
| ☒ RESPONDER | | Stine (T88346) (S) |
| ☐ WITNESS | | Foster (T25194) (S) |
| ☐ VICTIM | | Lamb (T67146) (S) |
| ☐ CAMERA | | Lamont (V71456) (S) |
| ☐ SCRIBE | | Goepner (F35040) (S) |

| FORCE USED BY YOU | FORCE USED BY YOU - TYPE OF WEAPON / SHOTS FIRED / FORCE | | | | CHEMICAL TYPE: |
|---|---|---|---|---|---|
| ☐ WEAPON | ☒ N/A | WEAPON: | WARNING: | EFFECT: | LAUNCHER: | EFFECT#: | ☒ N/A |
| ☐ PHYSICAL | FORCE: | ☒ MINI 14 | | | ☐ 37MM | | ☐ OC |
| ☐ CHEMICAL | ☐ EXPANDABLE BATON | ☐ .38 CAL | | | ☐ L8 | | ☐ CN |
| ☒ NONE | ☐ PHYSICAL FORCE | ☐ 9MM | | | ☐ 40MM | | ☐ CS |
| | ☐ X10 | ☐ SHOTGUN | | | ☐ 40 MM MULTI | | ☐ OTHER |
| | | | | | ☐ HFWRS | | |

| FORCE OBSERVED BY YOU |
|---|
| ☐ WEAPON |
| ☐ PHYSICAL |
| ☐ CHEMICAL |
| ☒ NONE |

| EVIDENCE COLLECTED BY | EVIDENCE DESCRIPTION | EVIDENCE DESCRIPTION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☒ Yes ☐ No | ☐ N/A 1 Box Cutter Razor Blade 11/8 wide 3/4 in length | ☐ N/A 1 inmate manufactured Weapon 31/8 in length 1/8 in wide Flat metal | ☐ Yes ☒ No | ☐ Yes ☒ No |

| EVIDENCE COLLECTED BY | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|---|
| ☒ Yes ☐ No | ☒ N/A | ☒ N/A | ☐ BODILY ☒ N/A ☐ UNKNOWN ☐ OTHER | ☐ Yes ☒ No |

| REPORTING STAFF INJURED |
|---|
| ☐ Yes |
| ☒ No |

NARRATIVE

On Thursday June 6 2007, at approximately 1900 hours while performing my duties as Bravo Gym Coun Officer, I was instructed by my supervisor to search cell 106 in housing unit B-1. I proceeded to B1-106, jointly occupied by inmates Scofield (P14570) B1-106U and Stine (T88346) B1-106U. I placed handcuffs on both inmates and conducted a clothed body search on them with negative results. Officer J. Lopez and I escorted both inmates to the Fac. B exercise area on Yard #2. Prior to placing them into exercise area, I conducted a search of the exercise area with negative results. I placed both inmates into the exercise area and conducted an unclothed body search on them with negative results. I proceeded to B1-106 and conducted a search of the cell and discovered two plain white cassette tapes. The first cassette tape had a boxcutter razor blade measuring approximately 1 1/2 inch wide and 3/4 inch in length taped to the inside of the cassette tape. The second cassette tape had an inmate manufactured weapon made of flat metal measuring 3 1/8 inch in length and 1/8 inch wide, sharpened to a point at one end with no handle, taped to

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID# | DATE |
|---|---|---|---|---|
| F. | C/O | 57790 | 176727 | 6-7-07 |

| NAME AND TITLE OF REVIEWER (PRINT/ SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| Sgt. O.Valdez / OO (sgn) | 6-7-07 | ☒ Yes ☐ No | ☐ Yes ☒ No | |

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

CRIME / INCIDENT REPORT
PARTC1 - SUPPLEMENT
CDCR 837 RECEIVED CAL APPEALS JAN 3 1 2008

| Page 9 of 9 | INCIDENT LOG NUMBER CAL-FB2-07-06-0166 |

| NAME LAST Gonzales | FIRST F | MI C. |

TYPE OF INFORMATION
☑ CONTINUATION OF REPORT    ☒ CLARIFICATION OF REPORT    ☒ ADDITIONAL INFORMATION

the inside of the cassette tape with no further find in cell 106.
I took sole possession of both items and placed them into evidence
locker #2 in central control. I then proceeded to B-2 216 and placed
handcuffs on inmate Foster (T25194) B2 216 U and conducted a clothed
body search on him with negative results. I escorted him to the
Fac. B program area holding cell. Prior to placing him into the holding
cell I conducted a search of the holding cell with negative
results. I placed Foster into the holding cell and conducted an unclothed
body search on him with negative results. I then assisted officer
J. Lopez in escorting inmates Lamb (T67146) B2 109U and Lamont (V76456)
B2-109L to the Fac B Medical Clinic holding cells. I then proceeded
to cell 150 in B-2 housing unit, occupied by Goepner (F35040) B2 150U. I
placed handcuffs on him and conducted a clothed body search on him
with negative results. I escorted Goepner to the Fac. B Medical
Clinic holding cell area. Prior to placing him into the holding cell, I
conducted a search of the holding cell with negative results. I
placed Goepner into the holding cell and conducted an unclothed
body search on him with negative results. I then conducted a
search of B2-150 with negative results.

SCREENED OUT    FEB 0 1 2008

JAN 2 5 2008

☒ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF F. G. | TITLE C/O | BADGE # 57790 | DATE 6-7-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED ☒ Yes ☒ No | CLARIFICATION NEEDED ☒ Yes ☒ No | DATE |

6-7-07

BI 106

CAL-FB2-07-06-0166

C/o F. Gonzales

MADE IN USA    1    2    3    4    5    6    7    8

RECEIVED CAL APPEALS JAN 3 1 2008

RECEIVED CAL APPEALS JAN 3 1 2008

6-7-07

B1-106

CAL-FBJ-07-06-0166

C/o F.A

F. Gonzales

JAN 2 5 2008

SCREENED OUT   JAN 0 1 2008

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT

CDCR 837-C (REV. 10/06)

Page 2 of 3          INCIDENT LOG NUMBER
CAL-FB2-07-06-0166

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Lopez | J. | H | 6-07-07 | 1900 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 630671 R | FAC B Yard C/O #1 | 0 YR. 7 MO. | 6-07-07 | B1-B2 H.U. |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| TW | 1400-2200 | Conspiracy to commit battery and possesion of weapon | 3005(c) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESSES) |
|---|---|---|
| ☐ PRIMARY | C/o F. Gonzalez (S) | Scofield P-14570 S |
| ☒ RESPONDER | | Stine T-28364 |
| ☐ WITNESS | | Lamb T-67146 |
| ☐ VICTIM | | Lamont V-76456 |
| ☐ CAMERA | | Jones T-23151 |
| ☐ SCRIBE | | |

**FORCE USED BY YOU - TYPE OF WEAPON / SHOTS FIRED / FORCE**

| FORCE USED BY YOU | | | | | | |
|---|---|---|---|---|---|---|
| ☐ WEAPON | ☒ N/A | WEAPON: | WARNING | EFFECT: | LAUNCHER: | EFFECT#: | CHEMICAL: TYPE: |
| ☐ PHYSICAL | | ☒ MINI 14 | | | ☐ 37MM | | ☒ N/A |
| ☐ CHEMICAL | FORCE: | ☐ .38 CAL | | | ☐ L8 | | ☐ OC |
| ☒ NONE | ☐ EXPANDABLE BATON | ☐ 9MM | | | ☐ 40MM | | ☐ CN |
| | ☐ PHYSICAL FORCE | ☐ SHOTGUN | | | ☐ 40 MM MULTI | | ☐ CS |
| | ☐ X10 | | | | ☐ HFWRS | | ☐ OTHER____ |

| FORCE OBSERVED BY YOU | | EVIDENCE DESCRIPTION | EVIDENCE DESCRIPTION | BIO HAZARD | PPE |
|---|---|---|---|---|---|
| ☐ WEAPON | | | | | |
| ☐ PHYSICAL | | | | ☐ Yes | ☐ Yes |
| ☐ CHEMICAL | | ☒ N/A | ☒ N/A | ☒ No | ☒ No |
| ☒ NONE | | | | | |

| EVIDENCE COLLECTED BY | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|---|
| ☐ Yes | | | ☐ BODILY | ☒ N/A | |
| ☒ No | ☒ N/A | ☒ N/A | ☐ UNKNOWN | | ☐ Yes |
| REPORTING STAFF INJURED | | | ☐ OTHER _____ | | ☒ No |
| ☐ Yes | | | | | |
| ☒ No | | | | | |

**NARRATIVE:**

On thursday June 6th, 2007, at approximately 1900 hours while performing my duties as Bravo yard #1 I assisted officer F. Gonzalez on the escorts of Inmates Scofield CDC# P14570 B1 106u and Inmate stine CDC# T-28364 B1 106u in escorting them to the Facility B yard #2 Exercise Area. I then proceeded to B-2 cell 109 and assisted officer F. Gonzalez with the escorts of Inmate Lamb CDC# T67146 B-2 109u and Inmate Lamont CDC # V-76456 B-2 109u. I placed hand cuffs on both Lamb and Lamont and conducted a clothed body search with negative Results. I then assisted officer Gonzalez in escorting them to the Facility B Medical clinic Area holding cell. Prior to placing them on the holding cell I conducted a search of the cell with negative results. I then placed both inmates into the Holding cell and conducted an unclothed body search on both of them with Negative Results. I then proceeded to B1 212 occupied by inmate Jones CDC #T23151 B1 212u I placed handcuffs on him and conducted a clothed body search with negative Results.

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID# | DATE |
|---|---|---|---|---|
| J. Lopez | C/o | 70942 | 1764149 | 6-07-07 |

| NAME AND TITLE OF REVIEWER (PRINT/ SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| O. Valdez / (signature) | 6-7-07 | ☒ Yes ☐ No | ☐ Yes ☐ No | |

Case 3:08-cv-00946-JM-LSP    Document 1    Filed 05/28/2008    Page 59 of 100

CRIME / INCIDENT REPORT
CAL APPEALS JAN 15 2008

PART C1 - SUPPLEMENT
CDCR 837-C1 (REV. 10/06)
RECEIVED CAL APPEALS JAN 3 1 2008

| Page 2¹³ of 2¹³ | INCIDENT LOG NUMBER CAL-FB2-07-06-0166 |

| NAME LAST Lopez | FIRST J. | MI H |

TYPE OF INFORMATION
[X] CONTINUATION OF REPORT   [X] CLARIFICATION OF REPORT   [X] ADDITIONAL INFORMATION

I escorted I/M Jones to the Facility B Program Area Holding Cell. Prior to Placing Jones in the holding cell. I conducted a search of the cell with Negative Results. I then Placed I/M Jones in the holding cell and conducted an unclothed body Search on I/M Jones with negative Results. I then Proceded to cell 2/2 in B1 housing unit and conducted a search of the cell with negative Results.

SCREENED OUT    JAN 2 5 2008

[X] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1
SCREENED OUT   FEB 0 1 2008

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # 72942 | DATE 6-7-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) R. Valdez / MTG? | DATE RECEIVED 1-7-07 | APPROVED [X] Yes [ ] No | CLARIFICATION NEEDED [ ] Yes [ ] No | DATE |

# FACILITY "B" HOLDING CELL LOG

### (ALL ENTRIES AND SIGNATURES MUST BE LEGIBLE)

| DATE: 6·7·07 | TIME IN: 1900 | TIME RELEASED: 2300 | TOTAL TIME IN CELL: 4 hrs |
|---|---|---|---|

| Holding Cell Searched by: (Print Name) | R. KAINS | | Rank/Post |
|---|---|---|---|
| Inmate Placed in Holding Cell by: (Print Name) | | | Rank/Post |
| Inmate Placed in Holding Cell by: (Print Name) | | | Rank/Post |

| INMATE NAME: JONES | | CDC #: T23151 |
|---|---|---|

| Decontaminated? | Yes ☐ | No ☐ | Non-Applicable ☑ |
|---|---|---|---|
| Clothing Issued? | Yes ☐ | No ☐ | Non-Applicable ☑ |
| Medical notified | Yes ☐ | No ☐ | TIME: 1930 |

REASON FOR PLACEMENT:

### TIME CHECKED:

Print time, initials and ADD comments regarding every 15 minute observation. - MTA to check a minimum of every 30 minutes.

| Time | Initial & Comments | Time | Initial & Comments |
|---|---|---|---|
| 1900 HRS / | OK | 2200 HRS / | OK |
| 1915 HRS / | OK | 2215 HRS / | OK |
| 1930 HRS / | OK | 2230 HRS / | OK |
| 1945 HRS / | OK | 2245 HRS / | OK |
| 2000 HRS / | OK | 2300 HRS / | escorted to Ad seg |
| 2015 HRS / | OK | ___ HRS / ___ | |
| 2030 HRS / | OK | ___ HRS / ___ | |
| 2045 HRS / | OK | ___ HRS / ___ | |
| 2100 HRS / | OK | ___ HRS / ___ | |
| 2115 HRS / | OK | ___ HRS / ___ | |
| 2130 HRS / | OK | ___ HRS / ___ | |
| 2145 HRS / | OK | ___ HRS / ___ | |

☐ Reason for exceeding holding cell time limit:               ☐ Log continued on second page

| Supervisory Review: (Print Name) O. Valdez | Signature | Rank Sgt |
|---|---|---|
| Facility Captain's Review: (Print Name) R Johnson | Signature | Rank Capt A |

Placement in a holding cell is a temporary, emergency measure ONLY. Inmates will be closely monitored while in a holding cell and checked at a minimum of every 15 minutes. Placement in a holding cell will not take place without the order of at least a Correctional Sergeant. An Inmate will not be retained in a holding cell for over one (1) hour without the consent of the Supervising Correctional Lieutenant or Facility Captain and will be noted on the holding cell log. Per MADRID, inmates who exceed the four (4) hour time limit in a holding cell will have the Facility Captain explain why and who authorized exceeding the time limit on the holding cell log. Copies of the completed log will be provided to the Facility Captain on a weekly basis for review.

# FACILITY "B" HOLDING CELL LOG

(ALL ENTRIES AND SIGNATURES MUST BE LEGIBLE)

RECEIVED CAL APPEALS JAN 3 1 2008

| DATE: 6/7/2007 | TIME IN: 1900 | TIME RELEASED: 2300 | TOTAL TIME IN CELL: 4 hrs |
|---|---|---|---|

| | | Rank/Post |
|---|---|---|
| Holding Cell Searched by: (Print Name) | K. RAMOS | |
| Inmate Placed in Holding Cell by: (Print Name) | V. RAMOS | |
| Inmate Placed in Holding Cell by: (Print Name) | | |

| INMATE NAME: GOEPNER | CDC #: F-35040 |
|---|---|

| Decontaminated? | Yes ☐ | No ☑ | Non-Applicable ☑ |
|---|---|---|---|
| Clothing Issued? | Yes ☐ | No ☑ | Non-Applicable ☑ |
| Medical notified | Yes ☐ | No ☑ | TIME: 1930 |

REASON FOR PLACEMENT:

## TIME CHECKED:

Print time, initials and ADD comments regarding every 15 minute observation. - MTA to check a minimum of every 30 minutes.

| Time | Initial & Comments | Time | Initial & Comments |
|---|---|---|---|
| 1900 HRS / | OK | 2200 HRS / | OK |
| 1915 HRS / | OK | 2215 HRS / | OK |
| 1930 HRS / | OK | 2230 HRS / | OK |
| 1945 HRS / | OK | 2245 HRS / | OK |
| 2000 HRS / | OK | 2300 HRS / | escorted to Ad Seg |
| 2015 HRS / | OK | HRS / | |
| 2030 HRS / | OK | HRS / | |
| 2045 HRS / | OK | HRS / | |
| 2100 HRS / | OK | HRS / | |
| 2115 HRS / | OK | HRS / | |
| 2130 HRS / | OK | HRS / | |
| 2145 HRS / | OK | HRS / | |

☐ Reason for exceeding holding cell time limit:      ☐ Log continued on second page

| Supervisory Review: (Print Name) | O. Valdez | Signature | | Rank Sgt |
|---|---|---|---|---|
| Facility Captain's Review: (Print Name) JAN 25 2008 | | Signature | | Rank |

SCREENED OUT

Placement in a holding cell is a temporary, emergency measure ONLY. Inmates will be closely monitored while in a holding cell and checked at a minimum of every 15 minutes. Placement in a holding cell will not take place without the order of at least a Correctional Sergeant. An inmate will not be retained in a holding cell for over one (1) hour without the consent of the Supervising Correctional Lieutenant or Facility Captain and will be noted on the holding cell log. Furthermore, inmates will exceed a four (4) hour time limit in a holding cell will have the Facility Captain explain why and who authorized exceeding some time limit on the holding cell log. Copies of the completed log will be provided to the Facility Captain on a weekly basis for review.

Holding Cell Log/Calipatria State Prison

# FACILITY "B" HOLDING CELL LOG
### (ALL ENTRIES AND SIGNATURES MUST BE LEGIBLE)

| DATE: 6-7-07 | TIME IN: 1915 | TIME RELEASED: 2300 | TOTAL TIME IN CELL: 3 hrs. 45 mm. |
|---|---|---|---|

| | | Rank/Post |
|---|---|---|
| Holding Cell Searched by: (Print Name) | SADBERRY | |
| Inmate Placed in Holding Cell by: (Print Name) | SADBERRY | Rank/Post |
| Inmate Placed in Holding Cell by: (Print Name) | | Rank/Post |

| INMATE NAME: Scofield | CDC #: P-14570 |
|---|---|

| Decontaminated? | Yes ☐ | No ☑ | Non-Applicable ☑ |
|---|---|---|---|
| Clothing Issued? | Yes ☐ | No ☑ | Non-Applicable ☑ |
| Medical notified | Yes ☐ | No ☑ | TIME: 1945 |

REASON FOR PLACEMENT:

## TIME CHECKED:
Print time, initials and ADD comments regarding every 15 minute observation. - MTA to check a minimum of every 30 minutes.

| Time | Initial & Comments | Time | Initial & Comments |
|---|---|---|---|
| 1915 HRS / SMS | OK | 2215 HRS / SMS | OK |
| 1930 HRS / SMS | OK | 2230 HRS / SMS | OK |
| 1945 HRS / SMS | OK | 2245 HRS / SMS | OK |
| 2000 HRS / SMS | OK | 2300 HRS / KKRK | escorted to Ad seg. |
| 2015 HRS / SMS | OK | HRS / Initial & Comments | |
| 2030 HRS / SMS | OK | HRS / Initial & Comments | |
| 2045 HRS / SMS | OK | HRS / Initial & Comments | |
| 2100 HRS / SMS | OK | HRS / Initial & Comments | |
| 2115 HRS / SMS | OK | HRS / Initial & Comments | |
| 2130 HRS / SMS | OK | HRS / Initial & Comments | |
| 2145 HRS / SMS | OK | HRS / Initial & Comments | |
| 2200 HRS / SMS | OK | HRS / Initial & Comments | |

☐ Reason for exceeding holding cell time limit:                    ☐ Log continued on second page

| Supervisory Review: (Print Name) O. Valdez | Signature | Rank Sgt. |
|---|---|---|
| Facility Captain's Review: (Print Name) | Signature | Rank |

Placement in a holding cell is a temporary, emergency measure ONLY. Inmates will be closely monitored while in a holding cell and checked at a minimum of every 15 minutes. Placement in a holding cell will not take place without the order of at least a Correctional Sergeant. An inmate will not be retained in a holding cell for over one (1) hour without the consent of the Supervising Correctional Lieutenant or Facility Captain and will be noted on the holding cell log. Per MADRID, inmates who exceed the four (4) hour time limit in a holding cell will have the Facility Captain explain why and who authorized exceeding the time limit on the holding cell log. Copies of the completed log will be provided to the Facility Captain on a weekly basis for review.

Holding Cell Log/Calipatria State Prison                                    Rev: 07/200

RECEIVED CAL APPEALS J. 15 2008

# FACILITY "B" HOLDING CELL LOG

RECEIVED CAL APPEALS JAN 3 1 2008

(ALL ENTRIES AND SIGNATURES MUST BE LEGIBLE)

| DATE: 6-7-07 | TIME IN: 1900 | TIME RELEASED: 2300 | TOTAL TIME IN CELL: 3 hrs 45 u |
|---|---|---|---|

| Holding Cell Searched by: (Print Name) | SADBERRY | Rank/Post |
|---|---|---|
| Inmate Placed in Holding Cell by: (Print Name) | SADBERRY | Rank/Post |
| Inmate Placed in Holding Cell by: (Print Name) | | Rank/Post |

INMATE NAME: Stine                    CDC #: T-28364

| Decontaminated? | Yes ☐ | No ☑ | Non-Applicable ☑ |
|---|---|---|---|
| Clothing Issued? | Yes ☐ | No ☑ | Non-Applicable ☑ |
| Medical notified | Yes ☐ | No ☑ | TIME: 1945 |

REASON FOR PLACEMENT:

## TIME CHECKED:

Print time, initials and ADD comments regarding every 15 minute observation. - MTA to check a minimum of every 30 minutes.

| | |
|---|---|
| 1945 HRS / JMS Initial & Comments: OK | 2215 HRS / JMS Initial & Comments: OK |
| 1930 HRS / JMS Initial & Comments: OK | 2230 HRS / JMS Initial & Comments: OK |
| 1945 HRS / JMS Initial & Comments: OK | 2245 HRS / JMS Initial & Comments: OK |
| 2000 HRS / JMS Initial & Comments: OK | 2300 HRS / R.P Initial & Comments: escorted to Ad Seg |
| 2015 HRS / JMS Initial & Comments: OK | _____ HRS / _____ Initial & Comments: |
| 2030 HRS / JMS Initial & Comments: OK | _____ HRS / _____ Initial & Comments: |
| 2045 HRS / JMS Initial & Comments: OK | _____ HRS / _____ Initial & Comments: |
| 2100 HRS / JMS Initial & Comments: OK | _____ HRS / _____ Initial & Comments: |
| 2115 HRS / JMS Initial & Comments: OK | _____ HRS / _____ Initial & Comments: |
| 2130 HRS / JMS Initial & Comments: OK | _____ HRS / _____ Initial & Comments: |
| 2145 HRS / JMS Initial & Comments: OK | _____ HRS / _____ Initial & Comments: |
| 2200 HRS / JMS Initial & Comments: OK | _____ HRS / _____ Initial & Comments: |

☐ Reason for exceeding holding cell time limit:                    ☐ Log continued on second page

| Supervisory Review: (Print Name) O. Valdez JAN 25 2008 | Signature O Vdez | Rank Sgt |
|---|---|---|
| Facility Captain's Review: (Print Name) R. Johnson | Signature | Rank CAPT |

Placement in a holding cell is a temporary, emergency measure ONLY. Inmates will be closely monitored while in a holding cell and checked at a minimum of every 15 minutes. Placement in a holding cell will not take place without the order of at least a Correctional Sergeant. An inmate will not be retained in a holding cell for over one (1) hour without the consent of the Supervising Correctional Lieutenant or Facility Captain and will be noted on the holding cell log. If retained, inmates who exceed the four (4) hour time limit in a holding cell will have the Facility Captain explain why and who authorized exceeding the time limit on the holding cell log. Copies of the completed log will be provided to the Facility Captain on a weekly basis for review.

Holding Cell Log/Calipatria State Prison

STATE OF CALIFORNIA

**MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | | | DATE |
|---|---|---|---|---|---|
| | | INJURY   USE OF FORCE | ON THE JOB INJURY   UNUSUAL OCCURRENCE | PRE AD/SEG ADMISSION | |

| THIS SECTION FOR INMATE ONLY | NAME   *LAST* | *FIRST* | CDC NUMBER | HOUSING LOC. | NEW HOUSING LOC. |
|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | NAME   *LAST* | *FIRST* | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
| THIS SECTION FOR VISITOR ONLY | NAME   *LAST* | *FIRST*   *MIDDLE* | | DOB | OCCUPATION |
| | HOME ADDRESS   CITY | STATE | ZIP | HOME PHONE | |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) | | | |
|---|---|---|---|---|---|
| TIME NOTIFIED | TIME SEEN | ESCORTED BY | MODE OF ARRIVAL *(circle)*   LITTER   WHEELCHAIR   AMBULATORY   ON SITE | AGE | RACE | SEX |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

| INJURIES FOUND?   YES / NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

O.C. SPRAY EXPOSURE?   YES / NO

DECONTAMINATED?   YES / NO

Self-decontamination instructions given?   YES / NO

Refused decontamination?   YES / NO

Q 15 min. checks

Staff issued exposure packet?   YES / NO

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|

TIME/DISPOSITION

| REPORT COMPLETED BY/TITLE   (PRINT AND SIGN) | BADGE # | RDOs |
|---|---|---|

*(Medical data is to be included in progress note or emergency care record filed in UHR)*

CDCR 7219 (Rev 11/05)   DISTRIBUTION:   ORIGINAL

RECEIVED CAL APPEALS JAN 15 2008

STATE OF CALIFORNIA

**MEDICAL REPORT OF INJURY**
**OR UNUSUAL OCCURRENCE** JAN 3 1 2008
RECEIVED CAL APPEALS

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle) | | | DATE |
|---|---|---|---|---|---|
| | | USE OF FORCE | INJURY  UNUSUAL OCCURRENCE | ON THE JOB INJURY  PRE AD/SEG ADMISSION | |

| THIS SECTION FOR INMATE ONLY | NAME   LAST | FIRST | CDC NUMBER | HOUSING LOC. | NEW HOUSING LOC. |
|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | NAME   LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
| THIS SECTION FOR VISITOR ONLY | NAME   LAST | FIRST   MIDDLE | DOB | OCCUPATION | |
| | HOME ADDRESS | CITY   STATE | ZIP | HOME PHONE | |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) |
|---|---|---|

| TIME NOTIFIED | TIME SEEN | ESCORTED BY | MODE OF ARRIVAL (circle)   LITTER   WHEELCHAIR   AMBULATORY   ON SITE | AGE | RACE | SEX |
|---|---|---|---|---|---|---|

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

| INJURIES FOUND?   YES / NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

O.C. SPRAY EXPOSURE?   YES / NO

DECONTAMINATED?   YES / NO

Self-decontamination instructions given?   YES / NO

Refused decontamination?   YES / NO

Q 15 min. checks

Staff issued exposure packet?   YES / NO

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|

| TIME/DISPOSITION | | |
|---|---|---|
| SCREENED OUT | JAN 25 2008 | |
| SCREENED OUT | FEB 01 2008 | |
| | REPORT COMPLETED BY/TITLE   (PRINT AND SIGN) | BADGE #  RDOs |

*(Medical data is to be included in progress note or emergency care record filed in UHR)*

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle) | | | DATE |
|---|---|---|---|---|---|
| | | USE OF FORCE | INJURY  UNUSUAL OCCURRENCE | ON THE JOB INJURY  PRE AD/SEG ADMISSION | 6/7/07 |

| | NAME LAST | FIRST | CDC NUMBER | HOUSING LOC. | NEW HOUSING LOC. |
|---|---|---|---|---|---|
| THIS SECTION FOR INMATE ONLY | Solida | | | 106 | A5 |

| | NAME LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | | | | | |

| | NAME LAST | FIRST | MIDDLE | DOB | OCCUPATION |
|---|---|---|---|---|---|
| THIS SECTION FOR VISITOR ONLY | | | | | |
| | HOME ADDRESS | CITY | STATE  ZIP | | HOME PHONE |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) |
|---|---|---|
| 1 Block | 6-7-07  1900 | N/A |

| TIME NOTIFIED | TIME SEEN | ESCORTED BY | MODE OF ARRIVAL (circle) | | | AGE | RACE | SEX |
|---|---|---|---|---|---|---|---|---|
| 200 | 2230 | | LITTER  WHEELCHAIR  AMBULATORY  ON SITE | | | 31 | W | M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"I don't know"

| INJURIES FOUND?   YES / NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

| O.C. SPRAY EXPOSURE? | YES / NO |
|---|---|
| DECONTAMINATED? | YES / NO |
| Self-decontamination instructions given? | YES / NO |
| Refused decontamination? | YES / NO |
| Q 15 min. checks | |
| Staff issued exposure packet? | YES / NO |

| IN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|
| Sergeant IN 2200 | N/A |

| TIME/DISPOSITION | | REPORT COMPLETED BY/TITLE   (PRINT AND SIGN) | BADGE # | RDOs |
|---|---|---|---|---|
| 2240 | | | | |

(Medical data is to be included in progress note or emergency care record filed in UHR)

CDCR 7219 (Rev. 11/05)   DISTRIBUTION

RECEIVED CAL APPEALS JAN 5 2008

STATE OF CALIFORNIA   RECEIVED CAL APPEALS JAN 3 1 2008   DEPARTMENT OF CORRECTIONS AND REHABILITATION

# MEDICAL REPORT OF INJURY
# OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle)   INJURY   ON THE JOB INJURY | DATE |
|---|---|---|---|
| Cal SP | | USE OF FORCE   UNUSUAL OCCURRENCE   PRE AD/SEG ADMISSION | |

| THIS SECTION FOR INMATE ONLY | NAME   LAST   FIRST   Stine  McCoon | CDC NUMBER  T 83664 | HOUSING LOC.  D6 | NEW HOUSING LOC.  A5 |
|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | NAME   LAST   FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
| THIS SECTION FOR VISITOR ONLY | NAME   LAST   FIRST   MIDDLE | | DOB | OCCUPATION |
| | HOME ADDRESS   CITY   STATE | | ZIP | HOME PHONE |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE  6-7-07   1900 | NAME OF WITNESS(ES)  N/A |
|---|---|---|

| TIME NOTIFIED  2200 | TIME SEEN  2200 | ESCORTED BY  Peace officer | MODE OF ARRIVAL  (circle)   LITTER   WHEELCHAIR  AMBULATORY   ON SITE | AGE  25 | RACE  W | SEX  M |
|---|---|---|---|---|---|---|

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

| INJURIES FOUND?   YES/NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

| O.C. SPRAY EXPOSURE?   YES/NO | |
| DECONTAMINATED?   YES/NO | |
| Self-decontamination instructions given?   YES/NO | |
| Refused decontamination?   YES/NO | |
| Q 15 min. checks | |
| Staff issued exposure packet?   YES/NO | |

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME  N/A |
|---|---|

| TIME/DISPOSITION  SCREENED OUT   JAN 2 5 2008  SCREENED OUT   FEB 0 1 2008 | REPORT COMPLETED BY/TITLE   (PRINT AND SIGN) | BADGE # | RDOs |
|---|---|---|---|

*Medical data is to be included in progress note or emergency care record filed in UHR)*

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

DEPARTMENT OR CORRECTIONS

CAL-FB2-07-06-0166

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

INMATE'S NAME
JONES

CDC NUMBER
T-23151

### REASON(S) FOR PLACEMENT (PART A)

[ ] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[X] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On Thursday, June 7, 2007, you were placed in ASU following the receipt of confidential information regarding your involvement in a conspiracy to commit a battery. Based on an investigation of the confidential information received on June 7, 2007, you are being issued a Rules Violation Report (RVR), Log #06-07-B09, dated 6/7/07, for Conspiracy to Commit a Battery with a Weapon. Based on these facts you are deemed a threat to the safety and security of the institution, and are being detained in Administrative Segregation pending a review by the Institution Classification Committee of your program and housing needs. As a result of this placement your credit earning, custody level, privilege group, and visiting status are subject to change. A review of your C-file was conducted and you are not a participant in the Mental Health Services Delivery System (MHSDS).

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) [X] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: 06/11/07

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 06/11/07 | J. SIGLER | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| | | | | |

[ ] INMATE REFUSED TO SIGN    INMATE SIGNATURE    CDC NUMBER

### ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
| | | | |

#### IS THIS INMATE:

| | | | | |
|---|---|---|---|---|
| LITERATE? | [ ] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES [ ] NO | |
| FLUENT IN ENGLISH? | [ ] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES [ ] NO | |
| ABLE TO COMPREHEND ISSUES? | [ ] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES [ ] NO | |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES | |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | | |

Any "NO" requires SA assignment                Any "NO" may require IE assignment

[ ] NOT ASSIGNED                [ ] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE    INMATE SIGNATURE    DATE

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| | | | |

DECISION: [ ] RELEASE TO UNIT/FACILITY_____ [ ] RETAIN PENDING ICC REVIEW [ ] DOUBLE CELL [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| | | | | |
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

See chronological Classification Review document (CDC 128 - C)

STATE OF CALIFORNIA   RECEIVED CAL APPEALS  JAN 15 2008   DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

RECEIVED CAL APPEALS  JAN 31 2008 06-0166

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| SCOFIELD | P-14570 |

## REASON(S) FOR PLACEMENT (PART A)

[ ] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[X] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY     [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On Thursday, June 7, 2007, you were placed in ASU following the receipt of confidential information regarding your involvement in a conspiracy to commit a battery. Based on an investigation of the confidential information received on June 7, 2007, you are being issued a Rules Violation Report (RVR), Log #06-07-B09, dated 6/7/07, for Conspiracy to Commit a Battery with a Weapon. Additionally, a search of your cell on 6/7/07 discovered an Inmate Maufactured Weapon, and you are being issued RVR, Log #06-07-B06, dated 6/10/07, for Possession of Dangerous CB/Weapons. Based on these facts you are deemed a threat to the safety and security of the institution, and are being detained in Administrative Segregation pending a review by the Institution Classification Committee of your program and housing needs. As a result of this placement your credit earning, custody level, privilege group, and visiting status are subject to change. A review of your C-file was conducted and you are not a participant in the MHSDS.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) [X]   IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: 06/11/07

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 06/11/07 | J. SIGLER | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| | | | | |

[ ] INMATE REFUSED TO SIGN   | INMATE SIGNATURE | CDC NUMBER

## ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
| | | | |

### IS THIS INMATE:

| | | | | | |
|---|---|---|---|---|---|
| LITERATE? | [ ] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES | [ ] NO | |
| FLUENT IN ENGLISH? | [ ] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES | [ ] NO | |
| ABLE TO COMPREHEND ISSUES? | [ ] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES | [ ] NO | |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES | | |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | | | |

Any "NO" requires SA assignment          Any "NO" may require IE assignment

[ ] NOT ASSIGNED                   [ ] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER   [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE   | INMATE SIGNATURE | DATE

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| | | | |

DECISION: [ ] RELEASE TO UNIT/FACILITY____   [ ] RETAIN PENDING ICC REVIEW   [ ] DOUBLE CELL   [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

SCREENED OUT    JAN 25 2008

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| SCREENED OUT | FEB 01 2008 | | | |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|

See chronological Classification Review document (CDC 128 - C) for specific hearing information.

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

DISTRIBUTION:
WHITE - CENTRAL FILE        CANARY - WARDEN
BLUE - INMATE (2ND COPY)    PINK - HEALTH CARE MGR
GREEN - ASU                 GOLDENROD - INMATE (1ST COPY)

CAL-FB2-07-06-0166

| INMATE'S NAME | CDC NUMBER |
|---|---|
| GOEPNER | F-35040 |

## REASON(S) FOR PLACEMENT (PART A)

☐ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☒ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☒ ENDANGERS INSTITUTION SECURITY        ☐ UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On Thursday, June 7, 2007, you were placed in ASU following the receipt of confidential information regarding your involvement in a conspiracy to commit a battery. Based on an investigation of the confidential information received on June 7, 2007, you are being issued a Rules Violation Report (RVR), Log #06-07-B08, dated 6/7/07, for Conspiracy to Commit a Battery with a Weapon. Based on these facts you are deemed a threat to the safety and security of the institution, and are being detained in Administrative Segregation pending a review by the Institution Classification Committee of your program and housing needs. As a result of this placement your credit earning, custody level, privilege group, and visiting status are subject to change. A review of your C-file was conducted and you are not a participant in the Mental Health Services Delivery System (MHSDS).

| ☐ CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) ☒ IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: | 06/11/07 |
|---|---|

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 06/11/07 | J. SIGLER | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| | | | | |

| ☐ INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER |
|---|---|---|

## ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
| | | | |

### IS THIS INMATE:

| | | | | | |
|---|---|---|---|---|---|
| LITERATE? | ☐ YES | ☐ NO | EVIDENCE COLLECTION BY IE UNNECESSARY | ☐ YES | ☐ NO |
| FLUENT IN ENGLISH? | ☐ YES | ☐ NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | ☐ YES | ☐ NO |
| ABLE TO COMPREHEND ISSUES? | ☐ YES | ☐ NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | ☐ YES | ☐ NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | ☐ YES | ☐ NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | ☐ YES | |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | ☐ YES | | | | |

Any "NO" requires SA assignment                    Any "NO" may require IE assignment

☐ NOT ASSIGNED                    ☐ NOT ASSIGNED

### INMATE WAIVERS

☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    ☐ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

| ☐ NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE | DATE |
|---|---|---|

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| | | | |

DECISION:  ☐ RELEASE TO UNIT/FACILITY_____  ☐ RETAIN PENDING ICC REVIEW  ☐ DOUBLE CELL  ☐ SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| | | | | |
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

RECEIVED CAL APPEALS JAN 5 2008

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

RECEIVED CAL APPEALS JAN 3 1 2008

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME JONES | CDC NUMBER T-23151 |
|---|---|

## REASON(S) FOR PLACEMENT (PART A)

- [ ] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
- [x] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
- [x] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On Thursday, June 07, 2007, at approximately 1900 hours, confidential information was received that you (Inmate JONES, T-23151, B1-212L), conspired and ordered the Battery of another person. Based on the aforementioned, you are being placed in Administrative Segregation (Ad-Seg) pending Administrative Review of your Program and Housing Needs. As a result of this placement your Custody Level, Privilege Group, Work Status, and Visiting Status are subject to change. Inmate JONES is not a participant in the Mental Health Services Delivery System (MHSDS) at any level of care. Inmate JONES *does not* appear on the Testing Literacy Report as having a TABE score of 4.0 or below.

| [ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) | [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / / |
|---|---|

| DATE OF ASU PLACEMENT 06/07/0 | SEGREGATION AUTHORITY'S PRINTED NAME J. SIGLER | SIGNATURE | TITLE Lieutenant |
|---|---|---|---|

| DATE NOTICE SERVED 6/7/07 | TIME SERVED 1045 | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE J. PANELL JR | SIGNATURE | STAFF'S TITLE C/O |
|---|---|---|---|---|

| [ ] INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER |
|---|---|---|

## ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement.*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

### IS THIS INMATE:

| | | | |
|---|---|---|---|
| LITERATE? | [ ] YES [x] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES [ ] NO |
| FLUENT IN ENGLISH? | [x] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [x] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [x] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | |

Any "NO" requires SA assignment

Any "NO" may require IE assignment

[ ] NOT ASSIGNED    [ ] NOT ASSIGNED

## INMATE WAIVERS

| [ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER | [x] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME |
|---|---|

| [ ] NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE | DATE |
|---|---|---|

## WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY____ [ ] RETAIN PENDING ICC REVIEW [ ] DOUBLE CELL [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

SCREENED OUT    JAN 2 5 2008

| ADMINISTRATIVE REVIEWER'S PRINTED NAME SCREENED OUT | TITLE FEB 0 1 2008 | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

CAL-FB2-07-06-0166

| INMATE'S NAME | CDC NUMBER |
|---|---|
| STINE | T-28364 |

## REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On Thursday, June 7, 2007, at approximately 1900 hours a search of your cell, B1-106, jointly assigned to you, Inmate STINE, T-28364 and Inmate SCOFIELD, P-14570, was conducted by staff. During this search staff discovered one box cutter style blade and an Inmate Manufactured Weapon in an area accessible to both inmates. As result of this finding you area being issued a Rules Violation Report (RVR), Log #06-07-B07, dated 6/7/07, for Possession of Dangerous CB/Weapons. Based on these facts you are deemed a threat to the safety and security of the institution, and are being detained in Administrative Segregation pending a review by the Institution Classification Committee of your program and housing needs. As a result of this placement your credit earning, custody level, privilege group, and visiting status are subject to change. A review of your C-file was conducted and you are not a participant in the Mental Health Services Delivery System (MHSDS).

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:    /    /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 06/11/07 | J. SIGLER | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| | | | | |

| [ ] INMATE REFUSED TO SIGN | INMATE SIGNATURE | | CDC NUMBER |
|---|---|---|---|
| | | | |

## ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
| | | | |

### IS THIS INMATE:

| | | | | | |
|---|---|---|---|---|---|
| LITERATE? | [ ] YES | [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES | [ ] NO |
| FLUENT IN ENGLISH? | [ ] YES | [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES | [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [ ] YES | [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES | [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES | [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES | |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | | | |

Any "NO" requires SA assignment    Any "NO" may require IE assignment

[ ] NOT ASSIGNED    [ ] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

| [ ] NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE | DATE |
|---|---|---|
| | | |

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| | | | |

DECISION: [ ] RELEASE TO UNIT/FACILITY_____  [ ] RETAIN PENDING ICC REVIEW  [ ] DOUBLE CELL  [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| | | | | |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|
| | | |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE

CDC 114-D (Rev 10/98)

| INMATE'S NAME | CDC NUMBER |
|---|---|
| SCOFIELD | P-14570 |

DISTRIBUTION:
ORIGINAL - C FILE
CANARY - WARDEN
PINK - HEALTH CARE MGR
GOLDENROD - INMATE (1ST COPY)
WHITE - CENTRAL FILE
BLUE - INMATE (2ND COPY)
GREEN - ASU

**REASON(S) FOR PLACEMENT (PART A)**

☐ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☒ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☒ ENDANGERS INSTITUTION SECURITY    ☐ UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On Thursday, June 07, 2007, at approximately 1900 hours, confidential information was received that you (Inmate SCOFIELD, P-14570, B1-106L), conspired to commit Battery of another person. A search of your cell was conducted and one box cutter style razors blades and one "Inmate Manufactured Weapon" was discovered hidden inside white cassette tapes. Based on the aforementioned, you are being placed in Administrative Segregation (Ad-Seg) pending Administrative Review of your Program and Housing Needs. As a result of this placement your Custody Level, Privilege Group, Work Status, and Visiting Status are subject to change. Inmate SCOFIELD is not a participant in the Mental Health Services Delivery System (MHSDS) at any level of care. Inmate SCOFIELD *does* appear on the Testing Literacy Report as having a TABE score of 4.0 or below.

☐ CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    ☐ IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: ___/___/___

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 06/09/07 | J. SIGLER | | |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 6-9-07 | 0710 | | | Lieutenant |

| INMATE SIGNATURE | CDC NUMBER |
|---|---|
| | |

☐ INMATE REFUSED TO SIGN

**ADMINISTRATIVE REVIEW (PART B)**

*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | TITLE | INVESTIGATIVE EMPLOYEE (IE) | | TITLE |
|---|---|---|---|---|---|
| | | | INVESTIGATIVE EMPLOYEE'S NAME | | |

**IS THIS INMATE:**

| | | | | | |
|---|---|---|---|---|---|
| LITERATE? | ☒ YES ☐ NO | EVIDENCE COLLECTION BY IE IS UNNECESSARY | ☐ YES ☒ NO | | |
| FLUENT IN ENGLISH? | ☒ YES ☐ NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | ☐ YES ☒ NO | | |
| ABLE TO COMPREHEND ISSUES? | ☒ YES ☐ NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | ☐ YES ☒ NO | | |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | ☒ YES ☐ NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | ☐ YES ☒ NO | | |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | ☐ YES ☐ NO | | | | |

☐ NOT ASSIGNED    Any "NO" requires SA assignment.

☐ NOT ASSIGNED    Any "NO" may require IE assignment.

**INMATE WAIVERS**

☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    ☐ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

| INMATE SIGNATURE | DATE |
|---|---|
| | |

☐ NO WITNESSES REQUESTED BY INMATE

**WITNESSES REQUESTED FOR HEARING**

| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| | | | |

**DECISION:**    ☐ RELEASE TO UNIT/FACILITY    ☐ RETAIN PENDING ICC REVIEW    ☐ DOUBLE CELL    ☐ SINGLE CELL PENDING ICC

REASON FOR DECISION:

SCREENED OUT    JAN 25 2008

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | ADMINISTRATIVE REVIEWER'S SIGNATURE | TIME | DATE OF REVIEW |
|---|---|---|---|---|
| | | | | |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|---|
| SCREENED OUT    FEB 0 1 2008 | | | |

RECEIVED CAL APPEALS    JAN 1 5 2008

STATE OF CALIFORNIA
CDC 114-D (Rev 10/98)
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
**DEPARTMENT OF CORRECTIONS**

DISTRIBUTION:
WHITE - CENTRAL FILE        GREEN - ASU
CANARY - WARDEN             BLUE - INMATE (2ND COPY)
PINK - HEALTH CARE MGR      GOLDENROD - INMATE (1ST COPY)

| INMATE'S NAME | CDC NUMBER |
|---|---|
| GOEPNER | F-35040 |

**REASON(S) FOR PLACEMENT (PART A)**

☐ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☑ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☑ ENDANGERS INSTITUTION SECURITY        ☐ UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On Thursday, June 07, 2007, at approximately 1900 hours, confidential information was received that you (Inmate GOEPNER, F-35040, B2-150U), provided a box cutter style razor blade hidden inside a cassette tape box to commit the Battery. Based on the aforementioned, you are being placed in Administrative Segregation (Ad-Seg) pending Administrative Review of your Program and Housing Needs. As a result of this placement your Custody Level, Privilege Group, Work Status, and Visiting Status are subject to change. Inmate GOEPNER is not a participant in the Mental Health Services Delivery System (MHSDS) at any level of care. Inmate GOEPNER *does not* appear on the Testing Literacy Report as having a TABE score of 4.0 or below.

☐ CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)        ☐ IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: ___/___/___

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 6/08/07 | J. SIGLER | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| | | | | |

☐ INMATE REFUSED TO SIGN

| INMATE SIGNATURE | CDC NUMBER |
|---|---|
| | |

**ADMINISTRATIVE REVIEW (PART B)**
*The following to be completed during the initial administrative review by Captain or higher, one the first working day following placement.*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

**IS THIS INMATE:**

| | | YES | NO | | | YES | NO |
|---|---|---|---|---|---|---|---|
| LITERATE? | | ☐ | ☑ | EVIDENCE COLLECTION BY IE IS UNNECESSARY | | ☐ | ☑ |
| FLUENT IN ENGLISH? | | ☑ | ☐ | DECLINED ANY INVESTIGATIVE EMPLOYEE | | ☐ | ☑ |
| ABLE TO COMPREHEND ISSUES? | | ☑ | ☐ | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | | ☐ | ☑ |
| FREE OF ANY MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | | ☑ | ☐ | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | | ☐ | ☑ |

| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | DECLINING FIRST INVESTIGATIVE EMPLOYEE |
|---|---|
| ☐ NOT ASSIGNED   Any "NO" requires SA assignment | ☐ NOT ASSIGNED   Any "NO" may require IE assignment |

**INMATE WAIVERS**

☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER        ☑ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

☐ NO WITNESSES REQUESTED BY INMATE

| INMATE SIGNATURE | DATE |
|---|---|
| | |

**WITNESSES REQUESTED FOR HEARING**

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| | | | |

**DECISION:** ☐ RELEASE TO UNIT/FACILITY        ☐ RETAIN PENDING ICC REVIEW        ☐ DOUBLE CELL        ☐ SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWERS PRINTED NAME | TITLE | | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|---|
| | | | | | |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATORS CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|---|
| | | | |

# CDC-115 PENDING

SCREENED OUT    FEB 0 1 2008

☐ D.A. REFERRAL   ☐ RELEASE DATE WITHIN 90 DAYS

SIGNATURE OF CHIEF DISCIPLINARY OFFICER

SCREENED OUT    JAN 2 5 2008

| ☐ Div. F 0-30 | ☐ Div. E 31-60 | ☐ Div. D 61-90 | ☐ Div. C 91-120 | ☐ Div. B 121-150 | ☐ Div. A 151-365 | MAXIMUM DSL DATE |

The disciplinary may result in the loss of the below indicating type and amount of credit.

MINIMUM DSL DATE

## DSL INFORMATION

☐ RECESSION HEARING PENDING    RELEASE DATE    BOARD DATE

## ISL INFORMATION

| DATE OF CDC-115 | VIOLATED RULE NUMBER AND TITLE | INCIDENT TYPE |
|---|---|---|
| 09/11/07 | CCR § 3006 (a) Possession of Dangerous Contraband / Weapon | |

| INMATE NUMBER | NAME | CDC-115 LOG NUMBER |
|---|---|---|
| F-35040 | GOEPNER | B2-150U   06-07-B14 |

THE BELOW INDICATED INMATE HAS RECEIVED A RULES VIOLATION REPORT (CDC-115) WHICH IS CURRENTLY BEING PROCESSED

*RECORDS OFFICER: Attach to the inside top-right of the inmate's Central File. Remove upon filing of finalized CDC-115.*

*CHIEF DISCIPLINARY OFFICER: This form is to be filled in at the time the CDC-115 is typed. The form is then immediately routed to the Records Office.*

## NOTICE OF PENDING CDC-115

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA

---

COPIES GIVEN INMATE BEFORE HEARING   ☐ HO ☐ SHO ☐ SC ☐ FC

CLASSIFIED ☐ ADMINISTRATIVE ☐ SERIOUS

| CLASSIFIED BY (Typed Name and Signature) | DATE | OFFENSE DIVISION: | DATE | HEARING REFERRED TO |
|---|---|---|---|---|

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | DATE | LOC |
|---|---|---|---|---|
| O. VALDEZ, Program Sergeant | | N/A | N/A | LOC |

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| C. HUGHEY, Correctional Officer | | "B" Work Change | Sat/Sun |

On Thursday, June 07, 2007, at approximately 1900 hours, while performing my duties as the Facility "B" Dining Gun Officer, I was instructed by my supervisor to search cell B2-215 for the presence of a possible weapon hidden inside a white cassette tape that you provided to another inmate to carry out a "Battery on an Inmate with a Weapon". I proceeded to B2-215, jointly occupied by Inmate(s) MORALES (H-48656, B2-215L) and Inmate OSORIO (H-56060, B2-215U). I placed handcuffs on both inmates and conducted a clothed body search on them with negative results. Both inmates were escorted to the B upper shower. Prior to placing the inmates in the shower area, I conducted a search of the shower area with negative results. I proceeded to cell B2-215 and conducted a search of the cell and discovered the plain white cassette tapes on the top locker in plain view consistent with confidential information that was received. Upon searching the cassette tape I discovered a "Box Cutter Style" razor blade measuring approximately 1 ¼" in length taped to the inside of the cassette tape. I maintained sole possession of the evidence measured and photocopied the evidence recovered from cell 215 and placed it into evidence locker #1, located in Central Control. Inmate GOEPNER is not a participant in the Mental Health Services Delivery System (MHSDS), Disability Placement Program (DPP), or the Developmental Disability Program (DPP). Inmate GOEPNER does appear on the Testing Literacy Report as having a TABE score of 4.0 or below.

CIRCUMSTANCES

| VIOLATED RULE NO(S): CCR #3006 (a) | DATE 09/11/07 | SPECIFIC ACTS: Possession of Dangerous CB/ Weapons | LOCATION Facility "B" | TIME 1900 HRS. |
|---|---|---|---|---|

| CDC NO. F-35040 | LOG NO. 06-07-B14 | HOUSING NO. B2-150U | INST. CSP-CAL | RELEASE/BOARD DATE | INMATE'S NAME GOEPNER |
|---|---|---|---|---|---|

## RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA

804 TO RECORDS

RECEIVED CAL APPEALS JAN 3 1 2008

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

DISTRIBUTION:
WHITE - CENTRAL FILE
BLUE - INMATE (2ND COPY)
GREEN - ASU

CANARY - WARDEN
PINK - HEALTH CARE MGR
GOLDENROD - INMATE (1ST COPY)

| INMATE'S NAME STINE | CDC NUMBER T-28364 |

## REASON(S) FOR PLACEMENT (PART A)

[ ] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[✓] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[ ] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On Thursday, June 07, 2007, at approximately 1900 hours, confidential information was received that you (Inmate STINE, T-28364, B1-106U), conspired to commit Battery of another person. A search of your cell was conducted and one box cutter style razors blades and one "Inmate Manufactured Weapon" was discovered hidden inside white cassette tapes. Based on the aforementioned, you are being placed in Administrative Segregation (Ad-Seg) pending Administrative Review of your Program and Housing Needs. As a result of this placement your Custody Level, Privilege Group, Work Status, and Visiting Status are subject to change. Inmate STINE is not a participant in the Mental Health Services Delivery System (MHSDS) at any level of care. Inmate STINE *does not* appear on the Testing Literacy Report as having a TABE score of 4.0 or below.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / /

| DATE OF ASU PLACEMENT 06/07/07 | SEGREGATION AUTHORITY'S PRINTED NAME J. SIGLER | SIGNATURE | TITLE Lieutenant |
| DATE NOTICE SERVED 6/7/07 | TIME SERVED 1040 | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE C/O |

[ ] INMATE REFUSED TO SIGN    INMATE SIGNATURE    CDC NUMBER

## ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

### STAFF ASSISTANT (SA)

| STAFF ASSISTANT NAME | TITLE |

### INVESTIGATIVE EMPLOYEE (IE)

| INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

### IS THIS INMATE:

| | | |
|---|---|---|
| LITERATE? | [✓] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY [ ] YES [ ] NO |
| FLUENT IN ENGLISH? | [✓] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE [ ] YES [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [ ] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS [ ] YES [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | |

Any "NO" requires SA assignment    Any "NO" may require IE assignment

[ ] NOT ASSIGNED    [ ] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE    | INMATE SIGNATURE | DATE 6-7-07 |

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY____    [ ] RETAIN PENDING ICC REVIEW    [ ] DOUBLE CELL    [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

STATE OF CALIFORNIA

RECEIVED CAL APPEALS

DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| F-350 RECEIVED CAL APPEALS GOEPNER JAN 3 1 2008 | | 06-07-B14 | | CSP-CAL | 06/11/07 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ | I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ | I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION

| | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ | I REVOKE my request for postponement. | ▶ | |

## STAFF ASSISTANT

STAFF ASSISTANT
☐ REQUESTED   ☐ WAIVED BY INMATE

INMATE'S SIGNATURE ▶   DATE

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| ☐ NOT ASSIGNED | REASON | |

## INVESTIGATIVE EMPLOYEE

INVESTIGATIVE EMPLOYEE
☐ REQUESTED   ☐ WAIVED BY INMATE

INMATE'S SIGNATURE ▶   DATE

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| ☐ NOT ASSIGNED | REASON | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

SCREENED OUT   JAN 2 5 2008

SCREENED OUT   FEB 0 1 2008

| INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE |
|---|---|---|---|

STATE OF CALIFORNIA                                                    804 TO RECORDS:                                       DEPARTMENT OF CORRECTIONS
# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| F-35040 | GOEPNER | | CSP-CAL | B2-150U | 06-07-B08 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR #3005 (c) | Conspiracy to commit "Battery W/Weapon | Facility "B" | 06/07/07 | 1900 HRS. |

CIRCUMSTANCES

On Thursday, June 07, 2007, at approximately 1900 hours, while performing my duties as the Facility "B" Program Sergeant, confidential information was received that you Inmate GOEPNER (F-35040, B2-150U) provided a weapon hidden inside a white cassette tape to an inmate and conspired with Inmate JONES (T-23151, B1-212L), and Inmate SCOFIELD (P-14570, B1-106L) to commit "Battery on an Inmate with a Weapon. Based on confidential information staff discovered weapons hidden inside plain white cassette tapes in Housing Unit B1 and B2. Based on the confidential information a search of your assigned cell B1-150 was conducted with negative results. Based on the confidential information received, staff discovered two plain white cassette tapes inside cell B1-106. The white cassette tapes discovered were consistent with the confidential information provided. Staff recovered a third white cassette which contained a "Box Cutter Style Razor blade hidden inside Housing Unit B2.

RVR Continued on CDC-115, Part "C"

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ O. VALDEZ, Program Sergeant | | "B" Program | Sat/Sun |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ J. SIGLER, Correctional Lieutenant | | DATE  N/A | LOC.  N/A |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | | ▶ | |
| ☐ SERIOUS | | | | ☐ HO  ☐ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | | |
|---|---|---|---|---|---|---|---|
| | ▶ | | | | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| | ▶ | | | ▶ | | | |

HEARING

REFERRED TO  ☐ CLASSIFICATION  ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| | ▶ | | |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ | | ▶ | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ▶ | | |

CDC 115 (7/88)

STATE OF CALIFORNIA

RECEIVED CAL APPEALS JAN 15 2008

RULES VIOLATION REPORTS PART C 2008
RECEIVED CAL APPEALS JAN 3 1 2008

DEPARTMENT OF CORRECTIONS
PAGE____OF____

| CDC NUMBER F-33040 | INMATE'S NAME GOEPNER | LOG NUMBER 06-07-B08 | INSTITUTION CSP-CAL | TODAY'S DATE 06/10/07 |

| ☐ SUPPLEMENTAL | ☐ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☐ IE REPORT | ☐ OTHER____ |

Upon further inspection of cassette tapes discovered in Housing Unit B1, it was discovered that the first cassette tape contained a similar "Box Cutter Style" razor blade that measured approximately 1 ½" inch wide and ¾" inch in length taped to the inside of the cassette tape. The second cassette tape contained an "Inmate Manufactured Weapon" made from flat metal that measured 3 1/8" inch in length and 1/8" inch wide, and sharpened to a point at one end with no handle, taped to the inside of the 3rd cassette tape. The evidence was measured, photocopied and placed into evidence locker #2, located in Central Control. Inmate GOEPNER is not a participant in the Mental Health Services Delivery System (MHSDS), Disability Placement Program (DPP), or the Developmental Disability Program (DPP). Inmate GOEPNER does not appear on the Testing Literacy Report as having a TABE score of 4.0 or below

SCREENED OUT    JAN 25 2008

COPY OF CDC 115-C GIVEN TO INMATE
SCREENED OUT    FEB 0 1 2008

| SIGNATURE OF WRITER O. VALDEZ, Correctional Sergeant | | DATE SIGNED |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

CDC 115-C (5/95)

OSP 99 25082

## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| F-35040 | GOEPNER | 3005 (c) | 06/10/07 | CSP-CAL | 06-07-B08 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☐ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

DATE NOTICE OF OUTCOME RECEIVED          DISPOSITION

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ | |

### STAFF ASSISTANT

STAFF ASSISTANT ☐ REQUESTED ☐ WAIVED BY INMATE      INMATE'S SIGNATURE ▶      DATE

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| ☐ NOT ASSIGNED | REASON | |

### INVESTIGATIVE EMPLOYEE

INVESTIGATIVE EMPLOYEE ☐ REQUESTED ☐ WAIVED BY INMATE      INMATE'S SIGNATURE ▶      DATE

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| ☐ NOT ASSIGNED | REASON | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER _____ ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE |
|---|---|---|---|

CDC 115-A (7/88)

STATE OF CALIFORNIA                                              DEPARTMENT OF CORRECTIONS AND REHABILITATION

NOTICE OF PENDING CDC-115 RECEIVED CAL APPEALS JAN 31 2008

*CHIEF DISCIPLINARY OFFICER: This form is to be filled in at the time the CDC-115 is typed. The form is then immediately routed to the Records Office.*

*RECORDS OFFICER: Attach to the inside top-right of the inmate's Central File. Remove upon filing of finalized CDC-115.*

THE BELOW INDICATED INMATE HAS RECEIVED A RULES VIOLATION REPORT (CDC-115) WHICH IS CURRENTLY BEING PROCESSED

| INMATE NUMBER | NAME | HOUSING | CDC-115 LOG NUMBER |
|---|---|---|---|
| F-35040 | GOEPNER | B2-150U | 06-07-B08 |

| DATE OF CDC-115 | VIOLATED RULE NUMBER AND TITLE | INCIDENT TYPE |
|---|---|---|
| 06/10/07 | CCR § 3005 (c) Conspiracy to Commit Battery | |

## ISL INFORMATION

☐ **RECESSION HEARING PENDING**    RELEASE DATE        BOARD DATE

## DSL INFORMATION

MINIMUM DSL DATE/EPRD    The disciplinary may result in the loss of the below indicated type and amount of credit:

| Div. A | Div. B | Div. C | Div. D | Div. E | Div. F |
|---|---|---|---|---|---|
| 151-365 | 121-150 | 91-120 | 61-90 | 31-60 | 0-30 |
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

MAXIMUM DSL DATE

SIGNATURE OF CHIEF DISCIPLINARY OFFICER

☐ **D.A. REFERRAL** ☐ **RELEASE DATE WITHIN 90 DAYS**

# CDC-115 PENDING

CDC-804 (4-88)

"A" 151-365

"B" 121-150

"C" 91-120

"D" 61-90

"E" 31-60

"F" 0-30

SCREENED OUT    JAN 25 2008

SCREENED OUT    FEB 01 2008

STATE OF CALIFORNIA

804 TO RECORDS:

DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING/NO. | LOG NO. |
|---|---|---|---|---|---|---|
| P-14570 | SCOFIELD | | | CSP-CAL | B1-106L | 06-07-B10 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR #3005 (c) | Conspiracy to commit "Battery W/Weapon | Facility "B" | 06/07/07 | 1900 HRS. |

CIRCUMSTANCES

On Thursday, June 07, 2007, at approximately 1900 hours, while performing my duties as the Facility "B" Program Sergeant, confidential information was received that you Inmate SCOFIELD (P-14570, B1-106L) ordered the "Battery" of another person with a weapon, while housed on Facility "B" and conspired with Inmate GOEPNER (F-35040, B2-150U), and Inmate JONES (T-23151, B1-212L) to commit "Battery on an Inmate With a Weapon. Based on the confidential information a search of your assigned cell B1-106 was conducted and two plain white cassette tapes consistent with the confidential information provided was discovered. Upon further inspection it was discovered that the first cassette tape contained a "Box Cutter Style" razor blade measuring approximately 1 ½"inch wide and ¾" inch in length taped to the inside of the cassette tape. The second cassette tape contained an "Inmate Manufactured Weapon" made from flat metal measuring 3 1/8" inches in length and 1/8" inch wide, and sharpened to a point at one end with no handle, taped to the inside of the cassette tape.

RVR Continued on CDC-115, Part "C"

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ O. VALDEZ, Program Sergeant | | | "B" Program | Sat/Sun |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|---|
| ▶ J. SIGLER, Correctional Lieutenant | | | DATE  N/A | LOC.  N/A |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☐ SERIOUS | | | ▶ | ☐ HO   ☐ SHO   ☐ SC   ☐ FC |

| COPIES GIVEN INMATE BEFORE HEARING | | | | | |
|---|---|---|---|---|---|
| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE   TIME |

HEARING

REFERRED TO  ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | | DATE | TIME |
|---|---|---|---|---|
| | ▶ | | | |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ | | | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |
|---|---|---|---|

CDC 115 (7/88)

RECEIVED CAL APPEALS JAN 3 1 2008
804 TO RECORDS:

| STATE OF CALIFORNIA | | | | | DEPARTMENT OF CORRECTIONS |
|---|---|---|---|---|---|

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| P-14570 | SCOFIELD | | | CSP-CAL | B1-106L | 06-07-B06. |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR #3006 (a) | Possession of Dangerous CB/ Weapons | Facility "B" | 06/10/07 | 1900 HRS. |

**CIRCUMSTANCES**

On Thursday, June 07, 2007, at approximately 1900 hours, while performing my duties as the Facility "B" Gym Gun Officer, I was instructed by my supervisor to search cell 106 in Housing Unit B1. I proceeded to B1-106, jointly occupied by Inmate(s) SCOFIELD (P-14570, B1-106L) and Inmate STINE (T-28346, B1-106U). I placed handcuffs on both inmates and conducted a clothed body search on them with negative results. Officer J. Lopez and I escorted both inmates to the Facility "B" exercise area on Yard #2. Prior to placing them in the exercise area, I conducted a search of the exercise area with negative results. I proceeded to B1-106 and conducted a search of the cell and discovered two plain white cassette tapes. Upon searching the first cassette tape I discovered a "Box Cutter Style" razor blade measuring approximately 1 ½" wide and ¾" in length taped to the inside of the cassette tape. The second cassette tape had an "Inmate Manufactured Weapon" made from flat metal measuring 3 1/8" in length and 1/8" wide, sharpened to a point at one end with no handle, taped to the inside of the cassette tape with no further contraband being found in cell B1-106. I maintained sole possession of both items measured and photocopied the evidence recovered from cell 106 and placed them into evidence locker #2, located in Central Control. Inmate SCOFIELD is not a participant in the Mental Health Services Delivery System (MHSDS), Disability Placement Program (DPP), or the Developmental Disability Program (DPP). Inmate SCOFIELD does appear on the Testing Literacy Report as having a TABE score of 4.0 or below

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ F. GONZALES, Correctional Officer | | "B" Gym Gun | Sun/Mon |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| O. VALDEZ, Program Sergeant | | DATE N/A LOC. | N/A |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | | | |
| ☐ SERIOUS | | | ▶ | ☐ HO ☐ SHO ☐ SC ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| | ▶ | | | | | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ | | | ▶ | | |

**HEARING**

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | |
|---|---|---|---|

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| | ▶ | | |

| REVIEWED BY (SIGNATURE) JAN 25 2008 | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| | | ▶ | |

| SCREENED OUT FEB 0 1 2008 | | | | |
|---|---|---|---|---|
| COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | |

DC 115 (7/88)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

## NOTICE OF PENDING CDC-115

**CHIEF DISCIPLINARY OFFICER:** *This form is to be filled in at the time the CDC-115 is typed. The form is then immediately routed to the Records Office.*

**RECORDS OFFICER:** *Attach to the inside top-right of the inmate's Central File. Remove upon filing of finalized CDC-115.*

THE BELOW INDICATED INMATE HAS RECEIVED A RULES VIOLATION REPORT (CDC-115) WHICH IS CURRENTLY BEING PROCESSED

| INMATE NUMBER | NAME | HOUSING | CDC-115 LOG NUMBER |
|---|---|---|---|
| P-14570 | SCOFIELD | B1-106L | 06-07-B10 |

| DATE OF CDC-115 | VIOLATED RULE NUMBER AND TITLE | INCIDENT TYPE |
|---|---|---|
| 06/10/07 | CCR § 3005 (c) Conspiracy to Commit Battery | |

### ISL INFORMATION

☐ **RECESSION HEARING PENDING**   RELEASE DATE   BOARD DATE

### DSL INFORMATION

MINIMUM DSL DATE/EPRD   The disciplinary may result in the loss of the below indicated type and amount of credit:

| Div. A | Div. B | Div. C | Div. D | Div. E | Div. F |
|---|---|---|---|---|---|
| 151-365 | 121-150 | 91-120 | 61-90 | 31-60 | 0-30 |

MAXIMUM DSL DATE

☐ ☐ ☐ ☐ ☐ ☐

SIGNATURE OF CHIEF DISCIPLINARY OFFICER

☐ **D.A. REFERRAL**   ☐ **RELEASE DATE WITHIN 90 DAYS**

# CDC-115 PENDING

CDC-804 (4-88)

"A" 151-365

"B" 121-150

"C" 91-120

"D" 61-90

"E" 31-60

"F" 0-30

STATE OF CALIFORNIA
SERIOUS RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S) | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| P-14570 | SCOFIELD | 3005 (c) | 06/10/07 | CSP-CAL | 06-07-B10 |

RECEIVED CAL APPEALS JAN 31 2008

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED ☐ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF |
| ☐ NOT ASSIGNED | REASON | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED ☐ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF |
| ☐ NOT ASSIGNED | REASON | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER _____ ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

SCREENED OUT       JAN 25 2008

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|

SCREENED OUT
☐ COPY OF CDC 115-A GIVEN INMATE FEB 01 2006 BY: (STAFF'S SIGNATURE) | TIME | DATE |

CDC 115-A (7/88)

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE___ OF___

| CDC NUMBER P-14570 | INMATE'S NAME SCOFIELD | LOG NUMBER 01-07-B10 | INSTITUTION CSP-CAL | TODAY'S DATE 06/10/07 |
|---|---|---|---|---|

| ☐ SUPPLEMENTAL | ☐ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☐ IE REPORT | ☐ OTHER_____ |
|---|---|---|---|---|---|

A 3rd white cassette tape was discovered in Housing B2, with a similar style "Box Cutter style razor blade hidden inside that measured 1 ½" inch wide and ¼" inch in length taped to the inside  The evidence was measured, photocopied and placed into evidence locker #2, located in Central Control. Inmate SCOFIELD is not a participant in the Mental Health Services Delivery System (MHSDS), Disability Placement Program (DPP), or the Developmental Disability Program (DPP).  Inmate SCOFIELD does not appear on the Testing Literacy Report as having a TABE score of 4.0 or below

| SIGNATURE OF WRITER O. VALDEZ, Correctional Sergeant | | DATE SIGNED |
|---|---|---|
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA **RECEIVED CAL APPEALS** JAN 1 5 2008                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

NOTICE OF PENDING CDC-115

*CHIEF DISCIPLINARY OFFICER:* **RECEIVED CAL APPEALS** *This form is to be filled in at the time the CDC-115 is typed. The form is then immediately routed to the records office.*

**RECEIVED CAL APPEALS** JAN 3 1 2008

*RECORDS OFFICER: Attach to the inside top-right of the inmate's Central File. Remove upon filing of finalized CDC-115.*

| THE BELOW INDICATED INMATE HAS RECEIVED A RULES VIOLATION REPORT (CDC-115) WHICH IS CURRENTLY BEING PROCESSED | | | | |
|---|---|---|---|---|
| INMATE NUMBER<br>P-14570 | NAME<br>SCOFIELD | | HOUSING<br>B1-106L | CDC-115 LOG NUMBER<br>06-07-B06 |
| DATE OF CDC-115<br>06/10/07 | VIOLATED RULE NUMBER AND TITLE<br>CCR § 3006 (a) Possession of Dangerous Contraband / Weapon | | | INCIDENT TYPE |

## ISL INFORMATION

| ☐ RECESSION HEARING PENDING | RELEASE DATE | BOARD DATE |
|---|---|---|

## DSL INFORMATION

| MINIMUM DSL DATE/EPRD | The disciplinary may result in the loss of the below indicated type and amount of credit: | | | | | |
|---|---|---|---|---|---|---|
| | Div. A<br>151-365 | Div. B<br>121-150 | Div. C<br>91-120 | Div. D<br>61-90 | Div. E<br>31-60 | Div. F<br>0-30 |
| MAXIMUM DSL DATE | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

SIGNATURE OF CHIEF DISCIPLINARY OFFICER

☐ D.A. REFERRAL    ☐ RELEASE DATE WITHIN 90 DAYS

# CDC-115 PENDING

CDC-804 (4-88)

"A" 151-365

"B" 121-150

"C" 91-120

"D" 61-90

"E" 31-60

"F" 0-30

SCREENED OUT        JAN 2 5 2008

SCREENED OUT        FEB 0 1 2008

STATE OF CALIFORNIA                                                                           DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| P-14570 | SCOFIELD | 3006(a) | 06/10/07 | CSP/CAL | 06-07-B06 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    ☐ YES    ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

DATE NOTICE OF OUTCOME RECEIVED          DISPOSITION

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ | |

## STAFF ASSISTANT

STAFF ASSISTANT
☐ REQUESTED    ☐ WAIVED BY INMATE

| INMATE'S SIGNATURE ▶ | | DATE |
|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF |
| ☐ NOT ASSIGNED | REASON | |

## INVESTIGATIVE EMPLOYEE

INVESTIGATIVE EMPLOYEE
☐ REQUESTED    ☐ WAIVED BY INMATE

| INMATE'S SIGNATURE ▶ | | DATE |
|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF |
| ☐ NOT ASSIGNED | REASON | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☐ OTHER _____    ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| INVESTIGATOR'S SIGNATURE ▶ | | DATE |
|---|---|---|

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE |
|---|---|---|---|

RECEIVED CAL APPEALS JAN 15 2008

804 TO RECORDS:

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| T-28346 | RECEIVED CAL APPEALS JAN 31 2008 | | CSP-CAL | B1-106U | 06-07-B07 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR #3006 (a) | Possession of Dangerous CB/ Weapons | Facility "B" | 06/07/07 | 1900 HRS. |

CIRCUMSTANCES

On Thursday, June 07, 2007, at approximately 1900 hours, while performing my duties as the Facility "B" Gym Gun Officer, I was instructed by my supervisor to search cell106 in Housing Unit B1. I proceeded to B1-106, jointly occupied by Inmate(s) Inmate STINE (T-28346, B1-106U) and SCOFIELD (P-14570, B1-106L). I placed handcuffs on both inmates and conducted a clothed body search on them with negative results. Officer J. Lopez and I escorted both inmates to the Facility "B" exercise area on Yard #2. Prior to placing them in the exercise area, I conducted a search of the exercise area with negative results. I proceeded to B1-106 and conducted a search of the cell and discovered two plain white cassette tapes. Upon searching the first cassette tape I discovered a "Box Cutter Style" razor blade measuring approximately 1 ½" wide and ¾" in length taped to the inside of the cassette tape. The second cassette tape had an "Inmate Manufactured Weapon" made from flat metal measuring 3 1/8" in length and 1/8" wide, sharpened to a point at one end with no handle, taped to the inside of the cassette tape with no further contraband being found in cell B1-106. I maintained sole possession of both items measured and photocopied the evidence recovered from cell 106 and placed them into evidence locker #2, located in Central Control. Inmate STINE is not a participant in the Mental Health Services Delivery System (MHSDS), Disability Placement Program (DPP), or the Developmental Disability Program (DPP). Inmate STINE does not appear on the Testing Literacy Report as having a TABE score of 4.0 or below

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| F. GONZALES, Correctional Officer | | "B" Gym Gun | Sun/Mon |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| O. VALDEZ, Program Sergeant | | N/A | N/A |
| | | DATE | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | | ▶ | ☐ HO  ☐ SHO  ☐ SC  ☐ FC |
| ☐ SERIOUS | | | | |

### COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| | ▶ | | | | | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ | | | ▶ | | |

HEARING

| REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
| SCREENED OUT    JAN 25 2008 | ▶ | | |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| ▶ | | ▶ | |
| SCREENED OUT    FEB 01 2008 | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | ▶ | | |

CDC 115 (7/88)

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| T-28364 | STINE | 3006(a) | 06/10/07 | CSP-CAL | 06-07-B07 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER _____ ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE |
|---|---|---|---|

CDC 115-A (7/88)

RECEIVED CAL APPEALS JUN 5 2007
RECEIVED CAL APPEALS JUL 1 0 2007
RECEIVED CAL APPEALS JAN 15 2008
RECEIVED CAL APPEALS JAN 3 1 2008
Case 3:08-cv-00946-JM-LSP   Document 1   Filed 05/28/2008   Page 91 of 100
804 TO RECORDS:

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| P-14570 | SCOFIELD | | | CSP-CAL | B1-106L | 06-07-B06 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR #3006 (a) | Possession of Dangerous CB/ Weapons | Facility "B" | 06/10/07 | 1900 HRS. |

CIRCUMSTANCES

On Thursday, June 07, 2007, at approximately 1900 hours, while performing my duties as the Facility "B" Gym Gun Officer, I was instructed by my supervisor to search cell 106 in Housing Unit B1. I proceeded to B1-106, jointly occupied by Inmate(s) SCOFIELD (P-14570, B1-106L) and Inmate STINE (T-28346, B1-106U). I placed handcuffs on both inmates and conducted a clothed body search on them with negative results. Officer J. Lopez and I escorted both inmates to the Facility "B" exercise area on Yard #2. Prior to placing them in the exercise area, I conducted a search of the exercise area with negative results. I proceeded to B1-106 and conducted a search of the cell and discovered two plain white cassette tapes. Upon searching the first cassette tape I discovered a "Box Cutter Style" razor blade measuring approximately 1 ½" wide and ¾" in length taped to the inside of the cassette tape. The second cassette tape had an "Inmate Manufactured Weapon" made from flat metal measuring 3 1/8" in length and 1/8" wide, sharpened to a point at one end with no handle, taped to the inside of the cassette tape with no further contraband being found in cell B1-106. I maintained sole possession of both items measured and photocopied the evidence recovered from cell 106 and placed them into evidence locker #2, located in Central Control. Inmate SCOFIELD is not a participant in the Mental Health Services Delivery System (MHSDS), Disability Placement Program (DPP), or the Developmental Disability Program (DPP). Inmate SCOFIELD does appear on the Testing Literacy Report as having a TABE score of 4.0 or below

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ► F. GONZALES, Correctional Officer | / / | "B" Gym Gun | Sun/Mon |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| O. VALDEZ, Program Sergeant | | DATE N/A | LOC. N/A |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☐ SERIOUS | A | 7/1/07 | ► | ☐ HO ☐ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | | |
|---|---|---|---|---|---|---|---|
| | ► | 6-10-07 | 1105 | | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ► | DATE | TIME | BY: (STAFF'S SIGNATURE) ► | | DATE | TIME |

HEARING

REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| SCREENED OUT    JUN 29 2007 | ► | | |
| REVIEWED BY: (SIGNATURE) SCREENED OUT    JAN 25 2008 | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| ► SCREENED OUT    JUL 1 0 2007 | | ► | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING  SCREENED OUT  FEB 0 1 2008 | BY: (STAFF'S SIGNATURE) ► | DATE | TIME |

CDC 115 (7/88)

RECEIVED CAL APPEALS JUN 29 2007

RECEIVED CAL APPEALS JUL 1 0 2007
SCOPIED

RECEIVED CAL APPEALS JAN 1 5 2008

RECEIVED CAL APPEALS JAN 3 2008

**SERIOUS RULES VIOLATION REPORT**

Case 3:08-cv-00946-JM-LSP   Document 1   Filed 05/28/2008   Page 92 of 100

| CDC NUMBER | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|
| P-14570 | 3006(a) | 06/10/07 | CSP-CAL | 06-07-B06 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☑ YES ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

**SCREENED OUT** JUN 29 2007

SCREENED OUT JAN 2 5 2008

SCREENED OUT JUL 1 0 2007

| INVESTIGATOR'S SIGNATURE | DATE |
|---|---|
| ▶ | |

| ☐ COPY OF CDC 115-A GIVEN INMATE (STAFF'S SIGNATURE) ▶ | TIME | DATE |
|---|---|---|

SCREENED OUT FEB 0 1 2008

CDC 115-A (7/88)  — *If additional space is required use supplemental pages* —

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|---|
| P-14570 | RECEIVED CAL APPEALS JAN 15 2008 | | 3006(a) | 06/10/07 | CSP-CAL | 06-07-B06 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    ☑ YES    ☐ NO

RECEIVED CAL APPEALS JAN 31 2008

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ X _Salsfield_ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| | | INMATE'S SIGNATURE | DATE |
| ☑ **I REVOKE** my request for postponement. | | ▶ _Robert Salsfield_ | 7-06-07 |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☑ REQUESTED    ☐ WAIVED BY INMATE | ▶ _Salsfield_ | 7-06-07 |
| ☐ ASSIGNED   DATE   NAME OF STAFF | | |
| ☐ NOT ASSIGNED   REASON | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☑ REQUESTED    ☐ WAIVED BY INMATE | ▶ _Robert Salsfield_ | 7-06-07 |
| ☐ ASSIGNED   DATE   NAME OF STAFF | | |
| ☐ NOT ASSIGNED   REASON | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☐ OTHER _____    ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| SCREENED OUT   JAN 25 2008 | ▶ | |
| ☐ COPY SCREENED OUT GIVEN INMATE   FEB 01 2008 (SIGNATURE) ▶ _R. Adams_ | TIME   1855 | DATE   6-18-07 |

CDC 115-A (7/88)    — *If additional space is required use supplemental pages* —

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY OR GOVERNMENTAL AGENCY (pursuant to Welf. & Inst. Code, §§ 11475.1, 11478.2) (Name, State number, and address)<br><br>Telephone No:                    Fax No:<br><br>ATTORNEY FOR (Name):   N/A<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF  IMPERIAL<br>STREET ADDRESS: 939 W. MAIN St.  EL CENTRO, CA. 92243<br>MAILING ADDRESS: 939 w/ Main St<br>CITY & ZIP CODE: El Centro<br>BRANCH NAME: Superior Court California County of Emperial<br><br>PETITIONER/ PLAINTIFF: Robert Scofield<br>RESPONDENT/DEFENDANT: Calipatria State prison / DA<br>OF Imperial County | FOR COURT USE ONLY |
| **PROOF OF SERVICE** | **CASE #:** |

NOTICE: To serve temporary restraining orders you must use personal service (see form 1285.84).

1. I am over the age of 18, not a party to this cause, and not a protected person listed on any of the orders. I am resident of or employed in the county where the mailing took place.

2. My residence or business address is: Robert Scofield  P.44570
   ASU - 199  Box 5003
   Calipatria  Ca. 92233

3. I served a copy of the following documents (specify):
   1 writ/petition of Habeus corpus regarding prison Discipline.

By enclosing them in an envelope AND

   a. ☑ Depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☑ Placing the envelope for collection and mailing on the date and at the place shown in item 4 following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. The envelope was addressed and mailed as follows:
   a. Name of person served: County of Imperial District Attorney
   b. Address: 940 W. main Street
      El Centro Ca. 92243
   c. Date Mailed:
   d. Place of Mailing (City & State):

5. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Robert Scofield                              Robert Scofield  P.44570
Signature of person completing this form      Type or print name:
                              Date: March 4/2nd/08

**PROOF OF SERVICE BY MAIL**

Form Approved by Rule 1285.85 Judicial Council of California 1285.85 (new July 1, 1998)

# *VERIFICATION*

**FILED**

## STATE OF CALIFORNIA
## COUNTY OF IMPERIAL

MAR 0 5 2008

SUPERIOR COURT
IMPERIAL COUNTY CA.
JOSE Q. GUILLEN CLERK
BY _____ DEPUTY

### (C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, Robert Scofield _____ DECLARE UNDER PENALTY OF PERJURY
THAT: I AM THE _petitioner_ IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS _2nd_ DAY OF: _march_ 2008 AT CALIPATRIA
STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002

(SIGNATURE) _Robert Scofield_

(DECLARANT/PRISONER)

---

## *PROOF OF SERVICE BY MAIL*

### (C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, Robert Scofield _____ AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY
OF IMPERIAL, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT
A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 5002.
CALIPATRIA, CALIFORNIA #92233-5002.

ON _march 2nd_ 2008 I SERVED THE FOREGOING: 1 WRIT / PETITION
OF HABEUS CORPUS REGARDING PRISON DISCIPLINE

### (SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S),
WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED
AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

① DISTRICT ATTORNEY OF IMPERIAL COUNTY
940 WEST MAIN St.
El Centro, Ca. 92243

② Superior Court OF California
County OF Imperial
932 W. Main St.
El Centro Ca. 92243

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: _march 2nd 2008_

_Robert Scofield_

(DECLARANT/PRISONER)

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF IMPERIAL**

☐ 220 Main Street
    Brawley, CA 92227

☐ 415 4th Street
    Calexico, CA 92231

☒ 939 Main Street
    El Centro, CA 92243

☐ PO Box 1087
    2124 Winterhaven Drive
    Winterhaven, CA 92243

☐ Jail Division
    328 Applestill Road
    El Centro , CA 92243

☐ Juvenile Division
    324 Applestill Road
    El Centro, CA 92243

**ENDORSED**

MAY 0 2 2008

SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY KARINA PALACIO
DEPUTY

**Robert G. Scofield**
    Plaintiff/Petitioner,

vs.

**Calipatria State PRison**
    Defendant/Respondent.

Case No. **EHC00987**

**DECLARATION OF MAILING**

State of California, County of Imperial

I, the undersigned, certify under penalty of perjury, that I am a Deputy Clerk of the above entitled Court and not a party to the within action; that I mailed a true and correct copy of the **Order Denying Petition For Writ of Habeas Corpus** to each of the persons listed below, by depositing such notice in the United States Mail, enclosed in sealed envelopes with postage prepaid:

Robert G. Scofield, P14570
ASU-H-199
P.O. Box 5002
Calipatria, CA. 92233

Imperial County District Attorney's Office**
940 West Main Street
El Centro, CA. 92243

**Sent Via Inter-office mail

JOSE O. GUILLEN, COURT EXECUTIVE OFFICER

Dated:   May 2, 2008

By: X Palacio
    K. Palacio, Deputy Clerk

           lm223

1

2

3

4

5

ENDORSED

6

7

SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY KARINA PALACIO
DEPUTY

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

COUNTY OF IMPERIAL

10

11 In re:                                          Case No. EHC 00987

12 ROBERT G. SCOFIELD,

**ORDER DENYING PETITION FOR WRIT OF**
13 On Habeas Corpus.                      **HABEAS CORPUS**

14

15

16        Petitioner, an inmate currently incarcerated at Calipatria State Prison, initiated this action

17 by a petition filed March 5, 2008.  Petitioner alleges due process violations with regard to prison

18 discipline imposed at a hearing on August 24, 2007 (possession of the inmate manufactured

19 weapons).

20        Petitioner filed his initial appeal on January 6, 2008.  The appeal was rejected, and

21 respondent requested additional evidence explaining petitioner's delay in filing the appeal, as

22 petitioner had been served with the decision from the administrative hearing in November of

23 2007.  Petitioner thereafter refiled his appeal with a generalized explanation of his difficulties in

24 obtaining various documents and evidence of his efforts to obtain final copies of the form 115.

25

1

1    Respondent, satisfied that petitioner had received his hearing documents on the first of

2  November, denied his appeal as untimely.

3    The petition wholly fails to show that respondent's determination that petitioner's appeal

4  was untimely is not supported by law or evidence.  Therefore, petitioner has failed to exhaust

5  his administrative remedies.

6    For the foregoing reasons, the petition is DENIED.

7  DATED:  May 2, 2008

8

9  JEFFREY B. JONES
   Judge of the Superior Court

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# VERIFICATION

## STATE OF CALIFORNIA
## COUNTY OF IMPERIAL

### (C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, _Robert Scofield_ DECLARE UNDER PENALTY OF PERJURY
THAT: I AM THE _Petitioner_ IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS _May 23rd_ DAY OF: _2008_ 20     AT CALIPATRIA
STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

(SIGNATURE) _Robert Scofie W_
(DECLARANT/PRISONER)

---

## PROOF OF SERVICE BY MAIL

### (C.C.P.  SEC.1013 (a)  &  2015.5; 28 U.S.C. SEC.1746)

I, _Robert Scofield_ AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY
OF IMPERIAL, STATE OF CALIFORNIA.  I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT
A PARTY OF THE ABOVE-ENTITLED ACTION.  MY STATE PRISON ADDRESS IS: P.O. BOX 5002.
CALIPATRIA, CALIFORNIA #92233-5002.

ON _May 23_ 20_08_ I SERVED THE FOREGOING: _1 copy of_
_petition / writ habeas corpus regarding a_
_prison disciplinary procedure_
(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S),
WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL; IN A DEPOSIT BOX SO PROVIDED
AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

① 2- copies Serred & sent to:
US. District Court
Room 4290, 880 Front Street, San Diego, Ca.
92101

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: _May 23 08_         _Robert Scofield_
(DECLARANT/PRISONER)

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Robert Scofield

**FILING FEE PAID**
Yes    No ✓

**IFP MOTION FILED**
Yes    No ✓

**COPIES SENT TO**
Court

Calipatria State Prison

**FILED**
MAY 2 8 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** Imperial
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Robert Scofield
PO Box 5002
Calipatria, CA 92233
P-14570

**ATTORNEYS (IF KNOWN)**

'08 CV 0946 JM LSP

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
(For Diversity Cases Only)       FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Electmant | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | **DEMAND $** | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE    Docket Number

DATE    5/28/2008    SIGNATURE OF ATTORNEY OF RECORD